The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Carl Ray PERKINS, Defendant-Appellant.

No. 82CA0486.

Colorado Court of Appeals, Div. III.

July 14, 1983.

Rehearing Denied Aug. 11, 1983.

Certiorari Denied Jan. 23, 1984.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Can-trick, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Carl Ray Perkins, entered a plea of guilty to one count of theft in December 1977. The trial court granted a deferred judgment and sentence in conjunction with a stipulation in which Perkins agreed to restitution of $65,000 over a five year period. Subsequently the deferred sentence stipulation was amended so that it would continue to be in effect until Perkins completed restitution. The issue on appeal is the extent of the trial court's authority to continue the period of a deferred sentence beyond the two year period contained in § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8). Following a hearing on this issue the trial court determined not to revoke the deferred judgment and approved the continuing stipulation. Perkins appeals from this ruling. We reverse and remand with directions.

The deferred sentencing statute, § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8), allows trial courts, with consent of the district attorney when accepting guilty pleas, to continue a case for a period not to exceed two years and to place the defendant under the supervision of the probation department. The district attorney is authorized to enter into a stipulation with the defendant as a condition of deferral, and the statute requires that the conditions "shall be similar in all respects" to those permitted as part of probation. The statute provides further, that upon full compliance with the conditions, the plea shall be withdrawn and the action dismissed, and upon breach of any condition, the court shall enter judgment of conviction and impose sentence.

Pursuant to this statute, at the time he entered his plea in December 1977, Perkins stipulated with the district attorney that he would make restitution of $65,000 in a two-

year period, which period could be extended for an additional five years if necessary.

Two years later, because of lack of funds, Perkins had not made any payments and the probation department petitioned for revocation of the deferred judgment. However, deferred judgment was not revoked, and the parties entered into another stipulation in January 1980 which established a payment schedule over a five year period. In this stipulation, Perkins expressly waived his right to termination of the deferred judgment at the end of the original two year period.

By January 1982 Perkins had repaid approximately $7,000 but was not meeting the payment schedule. A petition for revocation was filed, and Perkins moved to dismiss the petition, arguing that it was fundamentally unfair to be under the threat of a judgment and sentence until he repaid the entire $65,000. The court found that Perkins had made a valid agreement to continue the deferred judgment indefinitely. It also found that "he lived up to that condition ... as best as he was able," and did not revoke the deferred judgment. While remarking that Perkins should never have been placed on probation with a $65,000 debt, the court approved a new stipulation whereby Perkins would pay to the court $100 each month until the remaining $58,000 was repaid. This appeal followed.

Perkins contends that the two-year period for deferral in the statute is the maximum period for which the court may defer a sentence, and that because the two-year period expired without imposition of judgment and sentence the trial court must withdraw the plea of guilty and dismiss the case.

The People maintain that the waiver was a valid waiver of a statutory provision for his benefit. They also argue that Perkins should be estopped to complain because he invited the error, and because he acquiesced in the order in 1980. We disagree.

Under the statute at issue, § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8), if there is no judicial determination that a defendant has violated the conditions of the deferred judgment, the court has some discretion to extend a period of deferral, but only up to the statutory maximum of two years. *People v. Widhalm*, 642 P.2d 498 (Colo.1982). In *Widhalm* the court held that when a defendant is found to have violated the conditions of a deferral, the statutory direction "is clear and unequivocal" that judgment of conviction shall enter, and that this legislative mandate "is irreconcilable with a judicial discretion to continue" a deferred judgment. It reasoned that a court is not free to disregard a specific legislative mandate relating to sentencing even though another alternative may appear to be more appropriate.

The courts have no jurisdiction to sentence inconsistently with a minimum and maximum term specified by statute. *People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978). Similarly, the duration and terms of probation must be derived from the applicable statute. *People v. Knaub*, 624 P.2d 922 (Colo.App.1980). Accordingly, the trial court had no jurisdiction to extend the deferral to more than the two-year period in the statute. Thus, the stipulation extending the period is void.

The People's arguments in favor of enforcing the stipulation based on waiver, estoppel, and laches are unpersuasive. Since the statute represents a limit on the court's jurisdiction to act, the parties cannot by agreement waive the provisions of that statute and confer jurisdiction. *Clinic Masters, Inc. v. District Court*, 192 Colo. 120, 556 P.2d 473 (1976).

The order of deferred judgment is vacated, and the cause is remanded with directions to vacate Perkins' plea of guilty and to dismiss the case with prejudice.

VAN CISE and KELLY, JJ., concur.