The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Ronald D. SIMONDS, Defendant–Appellant.

No. 02CA1271.

Colorado Court of Appeals, Div. II.

Sept. 11, 2003.

As Modified on Denial of Rehearing Dec. 24, 2003.

Certiorari Granted June 7, 2004.

§ 24–51–1105, C.R.S.2002.

Ken Salazar, Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado; Burke & Neuwirth, P.C., Dean Neuwirth, Denver, Colorado; Law Office of Steven Louth, Steven Louth, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Ronald D. Simonds, appeals the orders concerning the revocation of his deferred judgment. We vacate the orders and remand.

The deferred sentencing statute, § 18–1.3–102, C.R.S.2002, permits a trial court to grant a deferred judgment for a maximum of four years. The district attorney may apply to revoke the deferral "at any time within the term of the deferred judgment or within thirty days thereafter." Section 18–1.3–102(2), C.R.S.2002. The statute provides further that upon full compliance with the conditions of the deferral, the plea shall be withdrawn and the charges dismissed.

Pursuant to this statute, defendant entered his plea of guilty in June 1997 and received a deferred judgment for four years.

In November 2000, the People filed an application to revoke the deferred judgment and to impose judgment of conviction and sentence because of defendant's alleged breach of the deferred judgment conditions. At a January 2001 hearing on this application, the parties reached an agreement under which the four-year deferral period would start anew. The People withdrew their application to revoke the deferred judgment. The trial court accepted the parties' agreement and deferred the judgment for another four years.

In August 2001, defendant moved to terminate the deferred judgment and dismiss the case. Defendant contended that the agreement to extend the deferral period for an additional four years was illegal under the statute and that the trial court likewise lacked jurisdiction to extend that period.

The People argued that the agreement was not illegal under the statute because it did not extend the original four-year deferral period, but instead it restarted the deferred judgment period. However, the People also argued that the parties' agreement contemplated an illegal sentence and therefore should be rescinded. Consequently, the People requested the court to reinstate their previously withdrawn application to revoke the deferred judgment.

The trial court concluded that the agreed extension was illegal, defendant's four-year deferred judgment "expired by operation of law on June 30, 2001," and the trial court "had no jurisdiction to extend the deferred period beyond the original four-year period." As a result, the trial court rescinded all obligations under the parties' agreement.

However, because the People's revocation application had been filed within the four years allowed by statute, the court reinstated it "with its original filing date, November 22, 2000," and denied defendant's motion to dismiss it. The court later granted the application, revoked the deferred judgment, and imposed a sentence of six years probation.

Defendant contends that the statutory four-year plus 30 days for certain conditions not applicable here period is the maximum period for which the court may defer a judgment and that, because that four-year period expired without imposition of judgment and sentence, the trial court must dismiss his case. We agree.

We conclude that the resolution of this appeal is governed by People v. Perkins, 676 P.2d 711 (Colo.App.1983). In Perkins, the division of this court held that because the deferred judgment statute limits a trial court's jurisdiction to act, a court cannot act on the deferred judgment after the applicable deferral period, unless a revocation com-

plaint was filed before the expiration of that period.

The People rely on *People v. Peretsky,* 44 Colo.App. 270, 616 P.2d 170 (1980), in which a division of this court affirmed the revocation of a deferred sentence outside of the jurisdictional statutory period. There, the defendant's deferred sentence was revoked based upon his conviction of a separate offense. However, on appeal, this conviction was reversed, and the case was remanded for retrial. Upon the defendant's motion, the trial court reinstated the deferred sentence. However, upon retrial, the defendant again was convicted, and his deferred sentence was revoked for a second time, albeit outside the jurisdictional statutory period.

In addressing the defendant's argument regarding the alleged jurisdictional defect, a division of this court stated:

> Defendant's ... position, that the second revocation proceeding was not initiated within the [jurisdictional] period, must also be rejected. When the trial court withdrew or cancelled the imposition of the deferred sentence on the initial revocation of deferred sentence, this was akin to a reversal of a judgment of conviction. The reversal of a judgment of conviction for errors of law renders the verdict and judgment a nullity, but warrants a second trial based on the original action. Although the verdict and judgment are rendered null, the original complaint remains intact and serves to safeguard the original action from attacks, as in the instant case, based on the running of the statutory period.

*People v. Peretsky, supra,* 44 Colo.App. at 273, 616 P.2d at 172 (citations omitted).

The People also rely on *Chae v. People,* 780 P.2d 481 (Colo.1989), and *Clark v. People,* 7 P.3d 163 (Colo.2000). In these cases, charges were reinstated after a plea agreement was determined to be illegal in subsequent appellate proceedings. Although the issue was not directly addressed in these cases, the People contend that the supreme court did not view the statute of limitations—which had expired by the time of the decision

upon appeal—as a jurisdictional bar to the reinstatement of the original charges. Accordingly, the People assert that these cases, by implication, stand for the proposition that illegal sentences should toll jurisdictional limits.

However, because we do not read these cases so broadly, we conclude they are inapplicable to the facts here. In *Peretsky,* unlike in this case, the trial court's jurisdictional time limitations were tolled by an appeal that removed jurisdiction from the trial court during its pendency. In *Chae* and *Clark,* the statute of limitations was satisfied upon the original filing of charges and tolled by the appeals. Accordingly, the jurisdictional bar was already satisfied upon remand to the trial court.

Here, during the period in which the trial court maintained jurisdiction, the People withdrew their application to revoke the deferred judgment. The period of deferred judgment terminated on June 30, 2001, no revocation complaint was pending and thus the court was without jurisdiction to act after that date. Furthermore, there was no appeal that tolled temporal limit on the trial court's jurisdiction. Accordingly, the trial court's orders were entered without jurisdiction and are void.

The orders are vacated, and the case is remanded with directions to dismiss the charges with prejudice.

Judge WEBB and Judge PLANK * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.