**Petitioner: The PEOPLE of the State of Colorado**

**v.**

**Respondent: Ronald D. SIMONDS.**

**No. 04SC53.**

Supreme Court of Colorado, En Banc.

June 13, 2005.

John W. Suthers, Attorney General, Anthony J. Navarro, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, for Petitioner.

Jean E. Dubofsky, Steven Louth, Boulder, Dean Neuwith, Burke & Neuwith, P.C., Denver, for Respondent.

Justice MARTINEZ dissents and Justice BENDER joins in the dissent.

COATS, Justice.

The People sought review of the court of appeals judgment in *People v. Simonds,* 91 P.3d 405 (Colo.App.2003), vacating the defendant's conviction for sexual assault on a child and ordering the prosecution dismissed.

The district court had accepted the defendant's guilty plea pursuant to a deferred sentencing agreement. Following a timely allegation of breach and application for entry of judgment and sentence, the district court accepted a second agreement by the parties,

calling for withdrawal of the People's application and extension of the original four-year deferred sentencing agreement for an additional four years. Shortly after expiration of the period statutorily permitted for challenging the defendant's compliance with the original agreement, however, the defendant moved for withdrawal of his plea and dismissal of the charges with prejudice, arguing that a further continuance of the case was not authorized by statute. The district court agreed that the deferred sentence had expired by operation of law; however, it permitted the district attorney to proceed on her previously filed application and found a breach, entered judgment, and imposed sentence.

The court of appeals vacated the conviction and ordered the charges dismissed with prejudice, holding that the district court was without jurisdiction to permit re-filing of the application. Because the application was filed within the time permitted by statute and was only conditionally withdrawn, we hold that the district court did not abuse its discretion in treating the original application, under the circumstances of this case, as never having been abandoned, and it therefore did not exceed its jurisdiction in entering judgment and sentence.

## I.

The defendant, Ronald D. Simonds, was charged with one count of sexual assault on a child by one in a position of trust. On June 30, 1997, he entered a plea of guilty as part of an agreement, pursuant to statute,[1] to continue the case for the purpose of entering judgment and sentence. The defendant and the district attorney entered into a written stipulation, obligating the defendant to adhere to various conditions for a period of four years, ending June 30, 2001. On November 22, 2000, following the defendant's premature discharge from a sex offender program, the district attorney filed an application to enter judgment and impose sentence, asserting the breach of a condition of the stipulation.

Prior to resolution of the People's application, however, the parties reached a second

agreement. On January 11, 2001, during the morning docket, the deputy district attorney in court indicated his understanding that the defendant had been conditionally accepted into another program and if that were the case, the People would "withdraw their application in exchange for him beginning the deferred sentence for four years all over again, starting [that day]." After confirming the conditions of the agreement with the defendant, the court entered an order releasing the defendant's bond and characterizing the agreement as calling for the withdrawal of the application and the extension of the deferred sentence for four years, subject to the terms and conditions of the original agreement, along with certain new offense specific conditions.

In August 2001, about 60 days after expiration of the original four-year deferral period, the defendant moved "to terminate the deferred sentence and dismiss the case," asserting that the court lacked jurisdiction to extend his deferred sentencing agreement. The district court denied the motion but agreed that it lacked jurisdiction to continue the case longer than four years from the entry of the defendant's plea. Nevertheless, the district court found that withdrawal of the People's application for entry of judgment was conditioned upon continuance of the case and extension of the deferred sentencing agreement. Because the court lacked jurisdiction to continue the case beyond the original four-year period, that condition was illegal and was never fulfilled, and therefore the court held that the district attorney was "free to, in effect, withdraw its withdrawal." Because the application had been filed well within the statutorily authorized time period, the district court permitted the district attorney to proceed with her application. Ultimately, it found that she proved her allegation that the defendant had breached the original deferred sentencing agreement. It entered judgment on the plea and sentenced the defendant to probation for six years.

On direct appeal by the defendant, the court of appeals vacated the conviction, holding that the district court lacked the jurisdic-

[1]. § 16–7–403, 6 C.R.S. (2002) (currently § 18–1.3–102, C.R.S. (2004)).

tion to reinstate the People's original application after the statutory period for filing had passed, and therefore it was without jurisdiction to enter judgment and impose sentence upon the defendant.

The People petitioned for a writ of certiorari.

## II.

With the written consent of the defendant, his counsel, and the district attorney, the court accepting a felony guilty plea is statutorily empowered to continue the case for a period not to exceed four years, without entering judgment and imposing sentence. § 18–1.3–102(1), C.R.S. (2004). Upon full compliance by the defendant with the conditions to which he stipulated in such a deferred sentencing agreement, his guilty plea must be withdrawn and the charges dismissed with prejudice. § 18–1.3–102(2). Upon breach of any condition by the defendant, however, the court must enter judgment on the plea and impose sentence. *Id.* A breach may be determined only by the court, upon application by the district attorney or a probation officer within the term of the deferred judgment or within thirty days thereafter. *Id.*

Even upon a timely application, the court may not find a breach without a hearing at which the defendant is entitled to proof of the allegations by a preponderance of the evidence and to the other procedural safeguards required for revocation of probation. *Id.* The defendant is also entitled to a minimum of five days notice of such a hearing, and at least where he is not in custody, the statute prescribes no specific time period within which that hearing must take place. *Id.; cf. People v. Schoonover,* 654 P.2d 1340 (Colo.App.1982) (holding that procedural safeguards of § 16–11–206, C.R.S.1973 (1978 Repl.Vol. 8), included the 15–day hearing requirement for defendants in custody). While the statute expressly permits extension of the period of deferral only for the payment of restitution, it nevertheless clearly does not contemplate that the district court lose jurisdiction to find a breach upon expiration of the term of deferral itself.

■ The statute specifically requires only that an application be *filed* within a specific time. *See* § 18–1.3–102(2). In a related context, we have held that similar language must be construed to mean precisely what it says and cannot reasonably be construed to require a resolution of the motion within that period. *See People v. Fuqua,* 764 P.2d 56, 58 (Colo.1988) (holding that a court does not lose jurisdiction over a timely filed Crim. P. 35(c) motion for reduction of sentence until the motion is deemed abandoned, even if the 120–day filing period has lapsed). While a failure to rule cannot be interminable without the motion or application being deemed abandoned, it seems clear, in the context of the deferred sentencing statute, that upon a timely application for entry of judgment and imposition of sentence, a guilty plea cannot be withdrawn and the charges dismissed until the court determines that no breach has occurred or until the application is deemed abandoned. *Cf. id.; Mamula v. People,* 847 P.2d 1135, 1137 (Colo.1993) (motion will be deemed abandoned if there is unreasonable delay in ruling on it).

■ There can be little doubt that an unconditional withdrawal by a moving party would amount to the abandonment of his motion. The same cannot be said, however, of an agreement to withdraw that is expressly conditioned upon continuance of the case by the court for an additional four years. The district court found, with clear record support, that the People's offer to withdraw their application was conditioned upon, among other things, the defendant's agreement to an extension of his deferred sentence. As the record also makes clear, the People's offer to withdraw their application was expressly conditioned upon the beginning of a new four-year period of deferral.

By successfully challenging the court's authority to extend the period of deferral, the defendant simultaneously demonstrated that the statute denied it the authority to enter the very order upon which withdrawal of the application was conditioned, and the agreement therefore failed from the start. Although the district court couched its ruling on the defendant's Motion to Dismiss in terms of allowing the prosecution to "in ef-

fect, withdraw its withdrawal," and to "reinstate[ ]" its application "with its original filing date," reinstatement (in the sense of refiling) was actually unnecessary because the People's offer to withdraw was conditioned upon a continuance beyond four years, which the court was unable to grant. The application was therefore not abandoned by the People's conditional offer of withdrawal.

Although the People's application for entry of judgment was never unconditionally withdrawn, we have previously held that under certain circumstances a motion may nevertheless be deemed abandoned if it is not resolved within a reasonable time and the moving party has not made reasonable efforts to obtain an expeditious ruling. *Fuqua,* 764 P.2d at 61. Whether or not the 14–month delay in resolving the application in this case could be considered unreasonable under some circumstances, the failure of the People to actively pursue the application was not unreasonable where they acted in good faith reliance on a court order ostensibly making the application no longer necessary, and where the opposing party joined in the agreement for conditional withdrawal. The purpose of the four-year limitation on deferrals and the statutory mandate for courts to enter judgment and impose sentence upon a breach of a deferred sentencing agreement would in no way be furthered by permitting defendants to avoid the determination of a breach, by merely stipulating to unenforceable extensions, for their benefit, until the time for asserting a breach had passed.

### III.

Because the timely application of the district attorney for entry of judgment and imposition of sentence was only withdrawn on condition that the court continue the case for an additional four-year period, which it lacked the authority to do, the application was never abandoned; and the district court did not exceed its jurisdiction in granting the application, entering judgment against the defendant for sexual assault on a child by one in a position of trust, and sentencing him to a six-year term of probation. The judgment of the court of appeals is therefore reversed.

Justice MARTINEZ, dissenting.

### I.

The majority holds that when the prosecution conditionally withdraws a petition to revoke a deferred judgment agreement in exchange for extending the deferred judgment beyond the maximum four-year period established by section 18–1.3–102(1), C.R.S. (2004), and the condition upon which the withdrawal was made fails, the proper resolution is to reinstate the petition to revoke and proceed to determine if the defendant breached the terms of the original deferred judgment agreement. The majority does so without regard for when the court reinstates the withdrawn petition and without providing a remedy for the trial court's improper exercise of authority when it extended the deferred judgment beyond the maximum four-year period. As such, the majority, in effect, tacitly endorses the use of conditional deferred judgment agreements that exceed the statutory four-year limit established by the General Assembly in section 18–1.3–102(1). Because the majority's resolution contravenes section 18–1.3–102(1) by expanding the authority of the trial court to permit deferred judgment agreements that circumvent the maximum four-year period, I respectfully dissent.

### II.

Criminal sentencing is traditionally a judicial function; however, it is not an unlimited power or within the sole province of the judiciary. *People v. Pate,* 878 P.2d 685, 694 (Colo.1994). Instead, the General Assembly has the inherent power to prescribe punishment for crimes and to limit the court's sentencing authority. *See id.* (sentences imposed by the judiciary must fall within the "limits determined by the General Assembly"). Relevant in this case is the authority conferred on the judiciary by the General Assembly under Colorado's deferred judgment statute.

Colorado's deferred judgment statute provides courts limited authority to continue cases and to defer judgment and sentencing:

In any case in which the defendant has entered a plea of guilty, the court accepting the plea *has the power* ... to continue the case for a period *not to exceed four years from the date of entry of a plea* to a felony ... for the purpose of entering judgment and sentence upon such plea of guilty.

§ 18–1.3–102(1) (emphasis added). Courts are further authorized by the statute to "place the defendant under the supervision of the probation department" during the period of deferment, *id.,* under stipulations and conditions "similar in all respects to conditions permitted as part of probation." § 18–1.3–102(2). Section 18–1.3–102(1) only provides for one circumstance where the court has the authority to extend the period of deferment beyond four years:

[In felony cases, the four-year period] may be extended for an additional time up to one hundred eighty days if the failure to pay restitution is the sole condition of supervision which has not been fulfilled, because of inability to pay, and the defendant has shown a future ability to pay.

Section 18–1.3–102(2) sets forth the procedure for entering into a deferred judgment agreement as well as the mechanism for revoking the agreement when a defendant violates the conditions of agreement during the period of deferral. This section does not provide any additional means for extending a deferred judgment beyond the four-year period after a defendant enters a guilty plea.

Thus, the one thing that is clear from the plain language of the Colorado's deferred judgment statute is that trial courts only have the authority to continue a case as part of a deferred judgment agreement for a maximum of four years. Only where the case involves the defendant's failure to pay the agreed-upon restitution does a court have the authority to extend the period of deferment beyond four years.

Accordingly, it is clear in this case that the trial court exceeded its authority when it continued the case beyond the four-year period that began on the date Simonds entered his guilty plea. Simonds entered his guilty plea as part of the original deferred judgment agreement on June 30, 1997, and, therefore, the maximum four-year period of deferment expired on June 30, 2001. The trial court, however, accepted a second deferred judgment agreement and continued the case for a new four-year period set to expire in January 2005. As such, the trial court extended the deferred judgment agreement more than three years beyond the time period authorized by the General Assembly in section 18–1.3–102.

On appeal before this court, the parties do not dispute that the second deferred judgment agreement that continued the case beyond the four-year period was an illegal agreement. In fact, the contested issue in this case–the issue for which we granted certiorari–contemplates the proper remedy for the trial court's improper exercise of authority.[2] The majority, nevertheless, neither resolves this issue nor provides a remedy for this improper exercise of authority, but instead appears to enforce the illegal agreement *on its terms.*

The majority begins its analysis by focusing on the deadline set by section 18–1.3–102(2) for filing a petition to revoke a deferred judgment agreement. Maj. op. at 764. The majority agrees with the trial court that the prosecution timely filed its petition to revoke the deferred judgment and concludes that the prosecution "conditionally" withdrew the petition in exchange for Simonds beginning a new four-year period of deferral. *Id.* at 764–65. Because the withdrawal of the petition was conditioned upon a new four-year period of probation which was prohibited by statute, the majority finds the petition was never actually withdrawn. *Id.* at 764–65. As a result, the majority holds that because the petition to revoke was filed before the original four-year period ended, the trial court could proceed on the petition well beyond the original four-year period and deter-

---

**2.** We granted the prosecution's petition for writ of certiorari on the following issue: "Whether the remedy for an agreement that calls for an illegal deferred judgment and sentence should be the same as the remedy for a plea agreement that calls for an illegal sentence (i.e., the parties are released from the agreement and returned to their *status quo ante* )."

mine if Simonds breached the original deferred judgment agreement. *Id.* at 765.

By focusing on the filing deadline and looking to the terms of (what the majority characterizes as) the conditional deferred judgment agreement, the majority has, in effect, tacitly approved the future use of conditional deferred judgment agreements that extend the period of deferment beyond the four-year maximum established by section 18–1.3–102(1). That is, the majority does not provide a remedy for the trial court's improper exercise of authority when it permitted an illegal deferred judgment agreement, but instead establishes that any prosecutor, defendant, or court may enter into agreements that extend beyond the maximum four-year period.

If a defendant enters into a conditional deferred judgment agreement that extends beyond four years and later objects to the extension or is accused of breaching the terms of the agreement, the majority-endorsed resolution is to enforce the terms of the conditional agreement by simply reinstating the "conditionally-withdrawn" petition to revoke and proceed accordingly. At the same time, nothing in the majority resolution condemns or calls into question the trial court's exercise of authority to accept a deferred judgment agreement that exceeds the maximum four-year period where no party objects to the extension and a defendant successfully completes the terms of the deferred judgment extension. In doing so, the majority opens the door for courts to extend conditionally deferred judgments well beyond the four-year maximum provided that the petition to revoke the deferred judgment was filed during the original four-year period.

### III.

Under the facts of this case as framed by the majority, the repercussions of enforcing the "conditional" deferred judgment agreement become somewhat obscured. The majority characterizes the agreement as conditional whereby the prosecution agreed to withdraw its petition to revoke upon condition that Simonds begin a new four-year period of deferral. Because the defendant later "demonstrated that the statute denied it the authority" to enter into a new agreement, the condition upon which the withdrawal of the petition was based "failed from the start." Maj. op. at 765. The majority's analysis of the second deferred judgment agreement appears to agree that section 18–1.3–102 prohibits deferred judgment agreements that extend beyond four years, but, as discussed above, the majority goes on to enforce the terms of the agreement anyway.

I find it more instructive to paint the second agreement and its conditions in a light that more readily reflects the intent of extending the deferment. In doing so, the effect of the majority's holding becomes clear. For example, as in this case, where a prosecutor has filed a petition to revoke alleging that a defendant breached the terms of a deferred judgment agreement, a prosecutor might offer a defendant a new agreement for a period of time that exceeds the four-year maximum by three years. The prosecutor might agree to withdraw its petition to revoke *on condition* that the defendant complies with the terms of the new agreement and participates in a sex offender treatment program. As the majority holds today, if the defendant fails to continue in the sex offender treatment program–the condition upon which the extension was granted–courts are permitted to give effect to the second deferred judgment agreement despite its clear extension beyond the statutorily mandated maximum four-year period. In giving effect to agreement, the court must find that the condition upon which the prosecution withdrew its petition to revoke failed and the prosecution is entitled to proceed on the petition as though a second agreement never occurred. This, of course, wholly conflicts with the maximum four-year period set forth in section 18–1.3–102.

### IV.

Because the majority fails to enforce the mandate imposed by Colorado's deferred judgment statute–the maximum four-year period–and tacitly endorses future violations of this mandate, I respectfully dissent.

I am authorized to state that Justice BENDER joins in this dissent.