The PEOPLE of the State
of Colorado, Plaintiff

v.

Dean CARBAJAL, Defendant.

No. 07SA340.

Supreme Court of Colorado,
En Banc.

Dec. 15, 2008.

John W. Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, CO, Attorneys for Plaintiff.

Dean Carbajal, Denver, CO, Pro Se.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

Dean Carbajal petitioned the Delta County District Court for a writ of habeas corpus, claiming the court lacked jurisdiction to continue his deferred judgment beyond the statutory limits. The trial court in the deferred judgment action treated Carbajal's petition like a motion in the criminal case and denied it. Carbajal appealed to the court of appeals, which referred the matter to this court for a determination of jurisdiction over an appeal from a denial of a petition for a writ of habeas corpus pursuant to section 13–4–110(1)(a), C.R.S. (2008). We accepted jurisdiction. We now convert Carbajal's appeal to a petition for relief under C.A.R. 21, issue a rule to show cause why the trial court did not exceed its jurisdiction, and make the rule absolute.

A deferred judgment is created and authorized by statute. Thus, Colorado's deferred judgment statute strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits. Here, the trial court exceeded its jurisdiction by taking multiple actions to extend Carbajal's deferred judgment well beyond the statutory limits.

## II. Facts and Procedural History

Carbajal's petition for writ of habeas corpus stems from his 1999 sexual assault case in the Delta County District Court. In that case, the trial court imposed a deferred judgment and extended it beyond the statutory limits in three instances. First, the trial court started Carbajal's deferred judgment nearly three years after his plea, contrary to statutory language. Second, the trial court heard a petition to revoke Carbajal's deferred judgment filed eight months beyond the statutory filing limit. Third, the trial court continued Carbajal's deferred judgment two years beyond the statutory maximum.

In a plea deal resolving six cases from Delta, Montrose, and San Miguel counties, Carbajal entered *Alford* pleas to sexual assault II, possession of a schedule II controlled substance, and bail violation, while the other cases were dismissed. For possession of a schedule II controlled substance and bail violation, the trial court sentenced Carbajal to four years confinement and three years mandatory parole. For sexual assault II, on August 30, 2001, the trial court imposed a deferred judgment with four years supervision set to begin *after* his confinement sentence. On July 26, 2004, Carbajal was released from confinement and began his three years mandatory parole. At this time, his deferred judgment began to run and was set to expire on July 26, 2008, according to the trial court's order.

Sometime prior to late April 2006, Carbajal's parole was revoked, and he returned to confinement. As a result of his parole revocation, on April 25, 2006, the People filed a petition to revoke Carbajal's deferred judgment and impose a judgment and sentence. On July 14, 2006, the trial court held a hearing on this revocation petition. At the hearing, the court, the People, and defense counsel discussed the court's ability to extend the deferred judgment for two more years. The court explicitly stated it lacked authority to extend Carbajal's deferred judgment beyond the four year statutory maximum. Subsequently, the People reframed their proposed extension as a condition of supervision stipulated by the parties, asking the trial court to start Carbajal's deferred judgment over as of the date of the hearing. The court sanctioned the "restart" and continued the deferred judgment to July 14, 2010. As a result of this arrangement, the People withdrew their revocation petition.

From July 2006 to April 2007 Carbajal filed numerous motions and petitions challenging his deferred judgment, including a

motion to vacate an illegal sentence and motions for post-conviction relief under Crim. P. 35(a) and (c). The trial court set multiple evidentiary hearings, but held none. However, it found Carbajal had no relief under Crim. P. 35(c) because a deferred judgment is not a final disposition. Carbajal ultimately dropped his Crim. P. 35(a) motion. The record suggests the court denied the remainder of these motions and petitions.

On April 26, 2007, the People filed a second petition to revoke Carbajal's deferred judgment. On August 16, 2007, the trial court held a hearing on this petition. Carbajal failed to appear, and the court issued a warrant for his arrest.

On August 22, 2007, the Delta County Sheriff arrested Carbajal on the failure to appear warrant, and the trial court held an advisement hearing. That same day, Carbajal filed a petition for a writ of habeas corpus for relief from his deferred judgment. Although the petition was assigned a civil case number, the trial court addressed it during an advisement hearing in the criminal case. The court denied the habeas petition, finding it similar to Carbajal's other motions filed in the criminal case.

On September 12, 2007, Carbajal appealed the trial court's denial of his habeas petition to the court of appeals, which referred the case to this court pursuant to section 13–4–110(1)(a). We accepted jurisdiction.

At the time we are considering this case, Carbajal is under deferred judgment supervision, and will remain so until July 14, 2010, unless his deferred judgment is extended for restitution or revoked.

### III. Analysis

#### A.

■ Although Carbajal's request for relief from his deferred judgment was titled a petition for a writ of habeas corpus, it is more accurately described as a challenge to the trial court's jurisdiction. The same court that imposed the deferred judgment denied Carbajal's petition, and did so by finding it similar to the other motions in the criminal case, rather than addressing it as a petition for habeas relief. Further, the record and

the trial court's comments are at best unclear as to the procedural posture of this petition below, which makes it difficult for us to determine whether we have jurisdiction over this case as an appeal from a denial of a writ of habeas corpus. § 13–45–101(1), C.R.S. (2008); § 13–4–102(1)(e), C.R.S. (2008). Because the posture of this case is unclear, we elect to treat Carbajal's appeal as a petition for relief pursuant to our original jurisdiction under the Colorado Constitution and C.A.R. 21. Colo. Const. art. VI, § 3; C.A.R. 21; *People v. Braunthal*, 31 P.3d 167, 172 (Colo. 2001); *Fields v. Suthers*, 984 P.2d 1167, 1168–69 (Colo.1999).

■ Our original jurisdiction is discretionary, and is appropriate where a trial court exceeds its jurisdiction or abuses its discretion, and appeal is an inadequate remedy. *See, e.g., People v. Thompson*, 181 P.3d 1143, 1144 (Colo.2008). A trial court exceeds its jurisdiction not only when it acts without general jurisdiction, but also when it acts with general jurisdiction but contrary to statute. *People v. District Court*, 953 P.2d 184, 187 (Colo.1998).

■ We appropriately exercise our original jurisdiction under C.A.R. 21 here. Appeal is an inadequate remedy for Carbajal. A deferred judgment is not a final judgment, and thus may not be subject to either Crim. P. 35 review or direct appellate review until revoked. *See In re K.W.S.*, 192 P.3d 579, 580–81 (Colo.App.2008). Moreover, the trial court exceeded its jurisdiction by extending Carbajal's deferred judgment well beyond the statutory limits.

#### B.

■ A deferred judgment is created and authorized by statute. Colorado's deferred judgment statute, section 18–1.3–102, C.R.S. (2008), strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits. Once a defendant pleads guilty to a felony, the deferred judgment statute allows the trial court to continue the defendant's case without entering judgment for up to four years from the date of the plea, and

implement probation-like supervision conditions in return for the continuance. § 18–1.3–102(1). In limited circumstances, a trial court may extend the felony deferred judgment period beyond four years. *Id.* The extension must be for restitution, and may only continue the case one hundred and eighty days. *Id.* Because a deferred judgment provides probation-like supervision, the deferral can be revoked—and judgment entered and sentence imposed—if the defendant violates any supervision conditions. § 18–1.3–102(2). However, if the People wish to revoke a defendant's deferred judgment, they must file their revocation petition no later than thirty days after the four year time period expires. *Id.* Finally, if a defendant serves four years of deferred judgment supervision for a felony without revocation or permissible extension, his guilty plea must be withdrawn and his case must be dismissed with prejudice. *Id.* When a trial court grants a deferred judgment it must comply with these statutory limits.

Carbajal identifies three instances where the trial court impermissibly extended his deferred judgment. First, the trial court started Carbajal's deferred judgment nearly three years after the date of his plea, contrary to the statute's express language. Second, the trial court heard the People's first petition to revoke Carbajal's deferred judgment, which was filed eight months after the statutory filing limit. Third, the trial court continued Carbajal's deferred judgment two years beyond the statutory maximum. Carbajal asserts the trial court exceeded its jurisdiction under Colorado's deferred judgment statute in all three instances. We agree.

### 1.

On August 30, 2001, the trial court imposed a deferred judgment for a felony, and set it to start after Carbajal's confinement sentence. Carbajal was confined until July 26, 2004. Therefore, the trial court began Carbajal's deferred judgment nearly three years after imposing it. The trial court then set Carbajal's deferred judgment to run four years, to July 26, 2008, ending it almost seven years after imposing it.

■ A deferred judgment is technically not a sentence; it is a continuance with probation-like supervision conditions. *See* § 18–1.3–102(1)–(2). The deferred judgment statute authorizes a trial court to continue a defendant's felony case, putting off rendering a judgment and sentence, for no more than four years. § 18–1.3–102(1). Once the court imposes a deferred judgment, the continuance starts the day the defendant entered his plea. *Id.* Thus, the four year deferral period starts on the date of the plea. *Id.* Unless the continuance is revoked or extended for restitution, it ends four years after the plea. *Id.*

> In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power ... to continue the case *for a period not to exceed four years from the date of entry of a plea to a felony* ... except that such period may be extended for an additional time up to one hundred eighty days if the failure to pay restitution is the sole condition of supervision which has not been fulfilled....

*Id.* (emphasis added). *See also People v. Zabala,* 706 P.2d 807, 808 (Colo.App.1985); *People v. Blackorby,* 41 Colo.App. 251, 583 P.2d 949, 951 (1978). Upon receiving a defendant's guilty plea, a trial court must enter judgment and sentence unless it imposes a deferred judgment. If a trial court imposes a deferred judgment, it must observe the deferred judgment statute's limits.

■ Because the statute requires a deferred judgment start the day a plea is entered and end four years later, Carbajal's deferred judgment started on August 30, 2001 and ended by operation of law on August 30, 2005.

### 2.

■ On April 25, 2006, eight months after Carbajal's deferred judgment ended, the People filed a petition to revoke and enter judgment and sentence. The trial court heard the petition on July 14, 2006.

■ The deferred judgment statute divests a trial court of its authority to hear revocation petitions filed more than thirty days after the deferred judgment expires: "[a]pplication for entry of judgment and im-

position of sentence may be made by the district attorney or a probation officer *at any time within the term of the deferred judgment or within thirty days thereafter.*" § 18-1.3–102(2) (emphasis added). *See also People v. Nichols,* 140 P.3d 198, 201 (Colo.App. 2006). Our decision in *People v. Simonds,* 113 P.3d 762 (Colo.2005), recognized and turned on this statutory limit. There, we held the trial court properly maintained jurisdiction over the People's petition to revoke the defendant's deferred judgment. Though the deferred judgment expired by operation of law before the trial court heard the petition, the People filed the petition prior to the expiration. *Id.* at 764. Timely filing of the petition, combined with our finding the People did not abandon the petition, allowed the trial court to retain jurisdiction. *Id.* at 764–65.

In contrast, here the People did not file their revocation petition until eight months after Carbajal's deferred judgment ended. The statute required the People file their petition by September 29, 2005 in order for the trial court to hear it.

### 3.

■ On July 14, 2006, the trial court extended Carbajal's deferred judgment by treating the People's proposed extension as a stipulation between the parties to new probation conditions. It "restarted" Carbajal's deferred judgment as of that date and set it to run until July 14, 2010.

The deferred judgment statute provides the maximum time a trial court may continue a felony case is four years. § 18–1.3–102(1). A trial court may only extend a deferred judgment for a felony beyond four years for restitution; in that situation, the extension is limited to one hundred and eighty days. *Id.* *See also People v. Widhalm,* 642 P.2d 498, 500 (Colo.1982); *People v. Perkins,* 676 P.2d 711, 713 (Colo.App.1983).

■ Despite its limits on extensions, the statute allows parties to stipulate to the defendant's supervision conditions. § 18–1.3–102(2). Here, at the trial court's suggestion, the People attempted to obtain an extension of Carbajal's deferred judgment by framing

it as a stipulation. However, a trial court lacks authority to sanction an agreed-upon extension. In *Simonds,* we accepted the trial court's determination that the parties could not legally agree to extend the deferred judgment beyond the statutory maximum. 113 P.3d at 762–64. There, the People withdrew their petition to revoke the defendant's deferred judgment in exchange for the defendant's agreement to begin the deferred judgment over again. *Id.* at 763. The trial court found it lacked authority to continue the defendant's deferred judgment contrary to statute, regardless of any agreement between the parties. *Id.* Accordingly, if a trial court lacks authority to enforce an agreed-upon extension, it also lacks authority to enforce such an extension framed as a stipulation to new supervision conditions.

The deferred judgment statute dictates Carbajal's deferred judgment began on August 30, 2001, the date he entered his plea, and ran until August 30, 2005, four years later. The People were allowed to file a revocation petition before September 29, 2005, but the trial court lacked authority to consider petitions filed after that date. The trial court had authority to extend Carbajal's deferred judgment one hundred and eighty days for restitution, but could not otherwise extend it beyond four years, despite any stipulations by the parties.

Contrary to the statute's provisions, the trial court started Carbajal's deferred judgment nearly three years after his plea and continued it for nearly seven years after his plea, heard a revocation petition filed eight months after the statutory filing limit, and enforced a two-year extension framed as a stipulation to new supervision conditions. We conclude that in extending Carbajal's deferred judgment beyond the statutory limits, the trial court exceeded its jurisdiction.

### IV. Conclusion

Accordingly, we make our rule to show cause absolute, and direct the trial court to dismiss Carbajal's deferred judgment in accordance with this opinion.