The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Virginia Lee WALKER, Defendant–Appellant.

No. 08CA1809.

Colorado Court of Appeals, Div. I.

March 31, 2011.

John W. Suthers, Attorney General, Christopher Y. Bosch, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Virginia Elaine Walker, pled guilty to felony possession of a schedule II controlled substance, but judgment and sentence were deferred for two years. Within that time, the People applied for revocation of the deferment, but did not notify defendant or her appointed counsel of a hearing on the matter for more than six years. After conducting a hearing, the district court revoked defendant's deferred judgment, entered the felony conviction, and sentenced defendant to three days in jail, with credit for three days already served. Defendant appeals the judgment of conviction and imposition of the sentence. We vacate the judgment of conviction and sentence and remand.

## I. Background

On May 8, 2000, defendant, represented by appointed counsel, pled guilty to possession of a schedule II controlled substance. In exchange, the prosecution dismissed two counts, and, at the request of the prosecution and defendant, the trial court deferred judgment and sentence for two years. Among other things, the conditions of the deferment required defendant to be supervised by the First Judicial District's Diversion Program and, upon full compliance with the conditions, to be present upon dismissal of the action on May 8, 2002, when the deferment period was to expire.

## II.  Section 18–1.3–102, C.R.S. 2010

In accordance with section 18–1.3–102(1), a defendant and the prosecution may agree to defer judgment and sentencing and stipulate to conditions with which the defendant must comply to successfully complete the deferment.  When (1) they agree do so; (2) the defendant has pled guilty to a felony; and (3) the defendant, his or her attorney, and the district attorney consent, the court may continue the case and delay entry of judgment and imposition of a sentence for a period of not more than four years.  § 18–1.3–102(1).

If the defendant does not comply with the stipulated conditions, the district attorney or probation officer may apply for entry of judgment and imposition of sentence "at any time within the term of the deferred judgment or within thirty days thereafter." § 18–1.3–102(2).  The court may also order that a warrant for the defendant's arrest be issued based on a verified complaint that establishes to the satisfaction of the court that there is probable cause to believe that the defendant has violated a condition of the deferment and that the arrest of the defendant is reasonably necessary.  *Id.*  When the defendant is in the jurisdiction and not incarcerated, the prosecution must request a hearing and give the defendant or his or her counsel of record not less than five days notice of the hearing.  *Id.*  The court, without a jury, determines whether the defendant breached the conditions of the deferment. *Id.*  If the court finds that the defendant breached a condition, it must enter judgment and impose sentence.  *Id.*

## III.  The Revocation Proceedings

On March 5, 2002, defendant's diversion supervisor, Betty Fitzgerald, completed an affidavit saying defendant had not complied with the terms of the deferment.  In the affidavit, Ms. Fitzgerald said she did not know defendant's whereabouts despite diligent efforts to find her, and that, as a result, the service of a summons would be impossible.  She therefore asked that an arrest warrant be issued.

On March 12, 2002, the People filed a motion to revoke the deferred judgment and attached Ms. Fitzgerald's affidavit and a certificate of mailing to defendant's counsel of record.  The next day, they filed a motion for an arrest warrant, which the court granted. The warrant issued on March 15, 2002.  The record of actions shows the return date on the warrant was ten days later.  The record does not thereafter contain or refer to the required return.  The term of the deferment ended on May 8, 2004.

The next entry in the record of actions is June 21, 2005, more than three years after the warrant issued.  It indicates that the court reviewed the file and conducted a hearing.  The record of actions, however, does not show what happened at the hearing.  In addition, the record does not contain a notice of the hearing or a certificate of mailing of such a notice.  The same entry contains a reference to April 2, 2002, 7:00 a.m., without any explanation.

The next entry in the record of actions is dated February 14, 2007, and reflects another review by the court and another hearing. Again, there is no indication of the purpose or results of the hearing.  Again, the record does not contain a notice of the hearing or a certificate of mailing of such a notice.

Defendant was arrested on May 23, 2008, more than six years after the warrant was issued and more than eight years after she entered her plea.  On May 27, 2008, the district court released defendant from custody and set a hearing date for four weeks later.  Revocation hearings were twice scheduled and continued, first for record review, and then, over defendant's objection, because Ms. Fitzgerald was not present to testify.

On July 14, 2008, the district court held a revocation hearing.  At the start of the hearing, defendant's new appointed counsel informed the court that defendant's diversion file had been destroyed; Ms. Fitzgerald was again not present to testify; and defendant's drug treatment counselor was no longer employed by the treatment center and could not be found.

Defendant asked the court to dismiss the case, arguing, among other things, that she could not present a meaningful defense because the diversion file was destroyed and

the diversion officer was not present, and that the prosecution had not exercised due diligence to set a hearing on the revocation motion, and, thus, had abandoned the motion.

The court heard testimony from defendant and a diversion officer who worked with Ms. Fitzgerald. The prosecution introduced an outpatient discharge summary from the drug treatment center, which was created on June 20, 2008, for use at the hearing. The summary showed that defendant last attended therapy on September 27, 2001; was "unexcused absent" on October 4, 2001, because she could not pay; was "unexcused absent" on October 11 and 18; and was terminated as unsuccessful on October 19, 2001.

Defendant testified that Ms. Fitzgerald and the drug treatment center counselor told her she had complied with the program requirements and had completed her requirements. She also said she still lived in the same Jefferson County apartment she was living in when she entered her plea and participated in the diversion program.

The diversion officer testified that she had had no contact with defendant or knowledge of her case, but that she recognized the drug treatment center report. She said it indicated defendant had not successfully completed treatment.

The court expressed considerable dissatisfaction with the circumstances and urged the parties to seek a mutually agreeable resolution. The parties were not able to do so. After hearing evidence, the court found by a preponderance of the evidence that defendant had violated the conditions of the deferment. The court said that, having found that defendant violated the conditions, it had no discretion and was required to revoke defendant's deferment. The court then entered judgment, sentenced defendant to three days in jail, credited her for three days already served, and closed the case.

## IV. Abandonment

Defendant contends the prosecution abandoned its motion for entry of judgment of conviction because it did not act on the motion for more than six years. We agree.

### A. Law

■ Whether a moving party has abandoned his or her claim for relief is determined as a matter of law. *Mamula v. People,* 847 P.2d 1135, 1137 (Colo.1993). To the extent a defendant challenges the trial court's jurisdiction, that too raises a question of law, which we review de novo. *People v. Efferson,* 122 P.3d 1038, 1040 (Colo.App. 2005).

■ When the defendant is voluntarily absent from the jurisdiction or is imprisoned on another offense, the time that passes after the prosecution files a timely application for revocation and an arrest warrant is issued is not counted against the prosecution. *People v. Peretsky,* 44 Colo.App. 270, 272, 616 P.2d 170, 172 (1980). The prosecution has not identified any other circumstances in which resolution of an application may be delayed.

In *People v. Simonds,* 113 P.3d 762, 764–65 (Colo.2005), the supreme court said that charges underlying a deferred judgment cannot be dismissed in response to a prosecution's application to revoke the deferred judgment until the application *"is deemed abandoned "* or the court determines that no breach occurred. *Simonds,* 113 P.3d at 764 (emphasis added). The court explained that an application could be deemed abandoned if the prosecution did not make "reasonable efforts to obtain an expeditious ruling" on the application "within a reasonable time." *Id.* at 765.

### B. Analysis and Conclusions

■ Although the motion and warrant were timely, there is no indication that the warrant was returned to the court with information about efforts to serve the warrant, and whether those efforts were successful. The prosecution's motion for revocation asked only that the court revoke the deferred judgment; it did not ask that the court set the matter for hearing. Thus, although the motion was mailed to defendant's counsel of record, it did not indicate that any action or appearance was required. Nor does the record show that the prosecution tried to set the matter for hearing within a reasonable time thereafter. The prosecution does not allege,

and the record does not suggest, that defendant was voluntarily absent from the jurisdiction or that defendant was imprisoned on another offense. Instead, it is undisputed that defendant lived at the same Jefferson County address of record throughout proceedings in this case.

Had the prosecution given defendant or her counsel notice of a hearing, regardless of whether defendant or her counsel appeared, the court could then have reviewed the prosecution's efforts to notify and arrest defendant and determined whether to continue the matter or conduct the hearing. Instead, there is no indication that the prosecution checked on the status of the arrest warrant or took any other action to move the matter forward before defendant was arrested at her place of employment on May 22, 2008. Only then did the People notify defendant that a hearing would be conducted more than six years after the term of the deferment had expired.

There is no evidence that defendant appeared on May 8, 2002, the return date on the deferment. However, there is also no evidence that the court or the prosecution called the case on that date. We have considered the fact that the court reviewed the matter and conducted hearings in June 2005 and February 2007. However, even assuming the prosecution requested the June 2005 hearing, it was conducted more than three years after the prosecution filed its motion for revocation, and, apparently without notice to defendant or her counsel of record. The potential for the prosecution's lack of diligence to unfairly prejudice a defendant is demonstrated here by the destruction of the file and the absence of the drug treatment counselor.

Applying the language of *Simonds,* we conclude that the prosecution did not make reasonable efforts to obtain an expeditious ruling on its motion. Indeed, there is no indication that the prosecution made any efforts for at least three years, and, perhaps, as many as six years, after it filed the motion and obtained the arrest warrant. This is particularly troubling where nothing in the record disputes defendant's testimony that she had lived in the same apartment from the date she pled guilty until she was arrested. We, therefore, deem the prosecution's application for revocation to have been abandoned before defendant was arrested in May 2008.

In light of our resolution of this issue, we need not address defendant's other claims of error. *People v. Hernandez,* 224 P.3d 343, 348 (Colo.App.2009) (*cert. granted* Feb. 22, 2010).

Accordingly, the judgment of conviction and sentence are vacated, and the case is remanded to the district court with directions to amend the mittimus accordingly.

Judge TAUBMAN and Judge GABRIEL concur.