23CA1086 Peo v Ramsey 03-27-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1086
Adams County District Court No. 19CR4058
Honorable Courtney Dinnel, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brandon Ramsey,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE BROWN
Moultrie and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-
Appellee

Megan A. Ring, Colorado State Public Defender, John P. Finnegan, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Brandon Ramsey, appeals the judgment of conviction entered after the district court revoked his deferred judgment and sentence for his felony robbery conviction.  We affirm.

## I.    Background

¶ 2    Ramsey was charged with two counts of attempted aggravated robbery based on his involvement in an attempted convenience store robbery where he threatened one of the store's employees with large rocks.

¶ 3    In November 2019, Ramsey pleaded guilty to one count of misdemeanor third degree assault and entered into a two-year deferred judgment agreement for one count of robbery, a class 4 felony; in exchange, the prosecution dismissed the original two attempted aggravated robbery counts.  After accepting the plea, the court entered a judgment of conviction for the assault count, deferred the judgment of conviction for the robbery count for two years, and sentenced Ramsey to two years of probation.

¶ 4    The deferred judgment agreement required Ramsey to comply with all terms and conditions of probation, complete a substance abuse evaluation, and comply with the substance abuse

1

evaluation's recommendations for treatment. The deferred judgment also provided as follows:

> If within the term of the deferred sentence . . . the District Attorney or the Probation Department has probable cause to believe that there has been a violation of any of the conditions upon which the entry of a judgment of conviction and imposition of sentence have been deferred, the District Attorney may file a written motion with the Court requesting the entry of a judgment of conviction on the defendant's guilty plea.

¶ 5      In November 2021, the probation department filed a motion with the court to extend Ramsey's probation for an additional six months. The motion indicated that Ramsey had been granted a deferred judgment, had been sentenced to two years of supervised probation, and had not yet complied with the terms of his probation requiring him to complete twenty hours of community service and complete a substance abuse evaluation and comply with any recommended treatment. With Ramsey's consent, the court granted the probation extension.

¶ 6      In May 2022, before the additional six months had expired, the probation department filed a second motion to extend Ramsey's probation for another nine months so that Ramsey could complete

substance abuse treatment. Like the first motion, this motion referenced Ramsey's deferred judgment and that he had been sentenced to two years of probation. Again, with Ramsey's consent, the court extended his probation. The new probation end date was set for February 19, 2023.

¶ 7      On December 6, 2022, Ramsey's probation officer submitted a special report and a complaint to revoke Ramsey's deferred judgment and probation with the court, alleging that Ramsey had violated five terms of his probation. At the first hearing following the filing of the revocation complaint, Ramsey moved to dismiss the complaint to revoke the deferred judgment, alleging that the court lacked jurisdiction because the motions to extend only referenced the probation and Ramsey's two-year deferred judgment had been completed before the revocation complaint was filed. The magistrate presiding over the hearing denied the motion in a written order finding that both extensions referenced the deferred judgment and were sufficient to extend the term of the deferred judgment.

¶ 8      Before the revocation hearing, Ramsey filed a written motion to dismiss, this time alleging that the court lacked jurisdiction to revoke his deferred judgment because the revocation complaint only

sought to revoke his probation, not the deferred judgment. In a written order, the court denied that motion, finding that Ramsey had sufficient notice that the revocation complaint sought to revoke his deferred judgment. Specifically, the court relied on the special report that accompanied the revocation complaint, which asked the court to revoke the deferred judgment, and the discussions at the preceding hearing addressing the revocation of the deferred judgment.

¶ 9 Following the revocation hearing, the court found that Ramsey had committed four of the five violations, revoked his deferred judgment, and entered a judgment of conviction for the robbery count. The court then revoked Ramsey's probation, reinstated it for ninety days with the only condition being jail time, and gave him 133 days of confinement credit so that his probation was terminated that day.

II. Revocation Complaint Filed by Probation Officer

¶ 10 Because the complaint to revoke Ramsey's deferred judgment was filed by his probation officer, Ramsey contends that the district court (1) lacked jurisdiction to revoke his deferred judgment and (2) breached the deferred judgment agreement. We disagree.

4

### A. The District Court Had Jurisdiction and Authority to Revoke Ramsey's Deferred Judgment

¶ 11 Ramsey first contends that the district court lacked jurisdiction to revoke his deferred judgment and sentence because the revocation complaint was filed by his probation officer, not the district attorney, as required by his deferred judgment agreement. We reject this contention.

¶ 12 We review de novo whether a trial court lacked jurisdiction. *See People v. Maser*, 2012 CO 41, ¶ 10. Subject matter jurisdiction concerns a court's authority to deal with a "class of cases in which it renders judgment," *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011), not its authority to enter a "particular judgment within that class," *People in Interest of J.W. v. C.O.*, 2017 CO 105, ¶ 24.

¶ 13 A district court has subject matter jurisdiction in all criminal cases. Colo. Const. art. VI, § 9(1); *see also People v. Loveall*, 231 P.3d 408, 412 (Colo. 2010) ("[A] district court has jurisdiction if 'the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority.'" (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508, 513 (Colo. 1986))). The district court's jurisdiction is

invoked by the filing of a legally sufficient complaint, information, or indictment. *People v. Sims*, 2019 COA 66, ¶ 15.

¶ 14    Here, the district court had *jurisdiction* over Ramsey's criminal case by virtue of the prosecution's filing of the complaint and information. *See id.* At most, Ramsey's argument challenges the court's *authority* to take a particular action or enter a particular judgment within the case. *See J.W.*, ¶ 24.

¶ 15    A deferred judgment is an alternative to a traditional guilty plea allowing a defendant to plead guilty but deferring entry of the judgment and sentence for a specified period of time. *Williams v. People*, 2019 CO 101, ¶ 20. Deferred judgments are "created and authorized by statute." *Pineda-Liberato v. People*, 2017 CO 95, ¶ 21. The statute "strictly controls a trial court's authority to impose a deferred judgment, and a trial court lacks authority to impose a deferred judgment outside the statute's limits." *Carrera v. People*, 2019 CO 83, ¶ 13 (quoting *People v. Carbajal*, 198 P.3d 102, 104 (Colo. 2008)).

¶ 16    Under Colorado's deferred judgment statute, once a defendant pleads guilty to a felony, the trial court can continue the defendant's case without entering judgment for up to four years

from the date of the plea and implement probation-like supervision conditions in return for the continuance. *See* § 18-1.3-102(1), C.R.S. 2024. If the defendant violates any supervision conditions during the period of the deferral, the statute requires the court to enter judgment and impose sentence on the guilty plea. § 18-1.3-102(2); *see also People v. Simonds*, 113 P.3d 762, 764 (Colo. 2005). The court is required to determine whether the defendant breached the conditions of the deferred judgment "upon application of the district attorney or a probation officer and upon notice of hearing thereon." § 18-1.3-102(2).

¶ 17    Under the deferred judgment statute, the district court had the authority to accept Ramsey's guilty plea to felony robbery and defer entry of his conviction and sentence for the deferral period. *See Carrera*, ¶ 13. The statute expressly provides that if the defendant fails to comply with any of the conditions of the deferred agreement, a revocation application may be made "by the district attorney *or a probation officer*." § 18-1.3-102(2) (emphasis added). Thus, the district court had the authority to accept the probation officer's application to revoke Ramsey's deferred judgment and proceed with the revocation proceeding. *See Loveall*, 231 P.3d at

413 (appellate courts will avoid interpreting statutory language as a limit on a district court's power "unless the limitation is explicit").

¶ 18      We are not persuaded otherwise by Ramsey's argument that his deferred judgment agreement authorized only the district attorney to file a revocation complaint, as detailed in the next section. The district court's authority to accept and revoke a deferred judgment is governed by the statute, not the deferred judgment agreement. *See Carrera*, ¶ 14 n.4 (parties cannot confer or take away a court's jurisdiction); *cf. Craig v. People*, 986 P.2d 951, 959 (Colo. 1999) (statutorily required component of a sentence cannot be altered by a plea agreement).

     B.      The District Court Did Not Breach the Deferred Judgment Agreement by Accepting the Probation Officer's Complaint

¶ 19      Ramsey nevertheless contends that the district court erred by revoking his deferred judgment because the revocation complaint was filed by the probation officer, not the district attorney, in breach of his deferred judgment agreement. We are not persuaded.

¶ 20      We interpret plea agreements de novo, looking at the plain language of the agreement and resolving any ambiguity in favor of the defendant. *See People v. Roddy*, 2021 CO 74, ¶ 24. Our task is

not to rewrite the plea agreement in question, but to interpret the reasonable intent of the parties to the plea agreement in light of the defendant's right to be treated fairly by the government. *Craig*, 986 P.2d at 960-61; *People v. Johnson*, 999 P.2d 825, 829 (Colo. 2000).

¶ 21 Contrary to Ramsey's argument, the language in the deferred judgment agreement did not *require* the district attorney to file the motion to revoke the deferred judgment, it simply stated that the district attorney *could* file that motion. The language did not limit the filing of the revocation motion to the district attorney or prohibit the probation officer from filing such a motion. Indeed, the agreement acknowledges that the motion could be filed if either the district attorney or the probation department had probable cause to believe the terms had been violated. We do not read the deferred judgment agreement as narrowly as Ramsey does. And in any event, we are not persuaded that the identity of the person filing the revocation complaint was a material term of the deferred judgment agreement, such that its breach would require specific performance. *See St. James v. People*, 948 P.2d 1028, 1032 (Colo. 1997).

### III. The Motions to Extend and the Revocation Complaint Sufficiently Referenced the Deferred Judgment

¶ 22    Ramsey next contends that the district court lacked authority to revoke his deferred judgment and enter the conviction, arguing that (1) the two extensions and his consent to those extensions sought only to extend his probation and not the deferred judgment, so the revocation proceeding was initiated after he had completed the deferred judgment; and (2) the revocation complaint, in its caption, only sought to revoke his probation, not the deferred judgment, so the district court did not have authority to proceed on the revocation. We disagree with both assertions.

¶ 23    We begin by noting that each of the extension motions and corresponding orders indicated that (1) Ramsey had pleaded guilty and received a deferred judgment and sentence; and (2) the extensions were necessary so that Ramsey could complete, among other things, a substance abuse evaluation and any recommended treatment. The deferred judgment agreement required that Ramsey "receive and comply with probation supervision and comply with all terms and conditions of probation, including any offense specific treatment," which expressly included the substance abuse

10

evaluation and treatment compliance requirement. Thus, we conclude that the court's orders granting the extensions through February 19, 2023, sufficiently referenced the deferred judgment to extend Ramsey's deferred judgment period. *See* § 18-1.3-102(1) (allowing the agreement to defer the judgment for up to four years). Consequently, because the revocation complaint was filed before the deferred judgment expired, the court had authority to proceed with the deferred judgment revocation.

¶ 24    Similarly, the introductory paragraph of the revocation complaint (1) indicated that Ramsey had been granted a deferred judgment for a felony robbery conviction and sentenced to probation supervision for a period of two years for that offense; (2) separately listed the misdemeanor conviction and its corresponding two years of probation; and (3) noted that both the deferred judgment and the probation had been extended twice. The complaint then alleged five separate violations of the terms and conditions of both the felony and misdemeanor probations. Further, in the report that accompanied the revocation complaint, the probation officer detailed each of the violations and requested that the court (1) revoke Ramsey's deferred judgment and enter the

conviction for robbery to which Ramsey had pled guilty and (2) revoke the probation for his misdemeanor offense.

¶ 25 Although the caption of the revocation complaint listed only the probation revocation, the contents of the complaint and the accompanying report clearly referenced the deferred judgment for felony robbery such that Ramsey had adequate notice that the probation officer was seeking to revoke the deferred judgment. Consequently, we conclude that the filing of the complaint and report was sufficient to initiate the revocation of Ramsey's deferred judgment. *See* § 18-1.3-102(2).

## IV. Disposition

¶ 26 We affirm the judgement of conviction.

JUDGE MOULTRIE and JUDGE HAWTHORNE concur.