## No. 21466.

### William Lucero v. The People of the State of Colorado.
(409 P.2d 278)

Decided December 20, 1965.     Rehearing denied January 17, 1966.

WALTER F. SCHERER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error was found guilty by a jury of unlawful possession of cannabis (marijuana) in violation of C.R.S. '53, 48-6-2. He was thereafter sentenced to a term of eight to twelve years in the State Penitentiary. From this judgment he seeks review by writ of error.

We will refer to the plaintiff in error as the defendant or by name and to the defendant in error as the People.

The record discloses that on November 22, 1963, Denver police officers, acting under a search warrant and accompanied by a Federal narcotics officer, searched the premises occupied by Lucero and his family. A cigarette and two tobacco tins were found. The contents of the cigarettes and the debris found in the cans were identified by an expert as cannabis, a narcotic drug. The defendant entered a plea of not guilty but, at the trial, adduced no evidence in his own behalf.

In his writ of error, Lucero urges the following points as error: (1) the affidavit for a search warrant and the warrant based thereon were fatally defective, and (2) the evidence obtained as a result of the illegal search was erroneously admitted into evidence in violation of defendant's constitutional right to a fair trial as guaranteed by the United States and Colorado Constitutions.

■ The points advanced by the defendant are raised for the first time on this writ of error. No objection to the alleged errors was preserved by a motion to suppress, by objection to the admission of the evidence, or by motion for a new trial. Generally, such omission is fatal under Rule 37(b), Colo. R. Crim. P.

Defendant's counsel, on writ of error, was not counsel at the trial level. While present counsel recognizes the effect generally of the failure to object, he argues that here the errors of which he complains have so encroached upon the constitutional right of the defendant to a fair trial, that the matter should be reviewed by this Court.

■ We would point out that both *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and *Hernandez v. People*, 153 Colo. 316, 385 P.2d 996, dealing with illegal searches and seizures, had been announced for some time before the trial of this case. Where the defendant, as in this case, had ample opportunity to object to the admission of evidence seized, a failure to do so amounts to a waiver of his objection to the admission of such evidence.

■■ This Court takes judicial notice of the fact that Lucero's defense was conducted by an able and experienced counsel who has appeared in court many times in defense of accused persons. We will not say that such counsel failed to comprehend the import of *Mapp* and *Hernandez*, and of Rules 37(b) and 41, Colo. R. Crim. P. We do not propose to "second-guess" trial counsel as to his purpose in not objecting to the evidence in question. The fact that the trial strategy did not result in acquittal does not now entitle defendant to a second trial in which he would adopt a different strategy.

■■ As we have pointed out in numerous prior decisions, the "contemporaneous objection" rule and the requirement that error be preserved by raising the objection with particularity in the motion for a new trial have a salutary purpose in the orderly administration

of justice in this state. These rules have often been recognized by the United States Supreme Court as adequate state grounds which prevent review of a constitutional question by that court. As late as last week, this Court reiterated its firm position that ordinarily only such matters as are preserved for review will be considered by us. See *Brown and Glymph v. People,* decided December 13, 1965. See also *Scheer v. Cromwell,* decided November 8, 1965.

The judgment is affirmed.