Per Curiam.
An information filed on June 3, 1963, charged plaintiff in error, Eugene Byron Vasser, with forgery. On November 22, 1963, the information was amended by the addition of counts 2 and 3 charging two prior felony •convictions. Vasser entered pleas of not guilty and not .guilty by reason of insanity to the forgery count. After two separate court-ordered psychiatric examinations, which resulted in reports that he was not legally insane, Vasser asked and was permitted to withdraw his plea of not guilty to the forgery charge. He later moved to xeinstate the plea of not guilty by reason of insanity, but this request was denied by the trial court. The trial ■of the forgery count to a jury resulted in a verdict of guilty. Thereafter, Vasser admitted he was the one who had been previously convicted as charged in counts 2 and 3. The court discharged the jury and received evidence to substantiate the two convictions.
A motion for a new trial, on the grounds that the evidence presented did not support the verdict, and that it failed to show criminal intent beyond a reasonable doubt •on the part of the defendant, was overruled. Vasser was then sentenced to serve a term of not less than 14 nor more than 16 years in the State Penitentiary. He is here by writ of error alleging grounds for reversal which were not contained in the motion for new trial. Defendant was represented at the trial by counsel other than those who appear for him here.
We have repeatedly held that Rules 33 and 37 (b), Colo. R. Crim. P. are controlling in factual situations akin to the case at bar.
Rule 33, Colo. R. Crim. P. states:
“* * # motion for a new trial shall be in writing and shall point out with particularity the defects and •errors complained of. * * *”
Rule 37 (b), Colo. R. Crim. P. states:
“A writ of error shall not issue to a final. judgment *281 against a defendant unless a motion for a new trial or in arrest of judgment has been filed * * * Only questions presented in such motions will be considered on review, except that plain error or defects affecting substantial rights may be noted although they were not brought to the attention of the trial court.”
We have examined the record in this case and conclude that the errors alleged for the first time in this Court are not of such nature which warrant our consideration of them. Lucero v. People, 158 Colo. 568, 409 P.2d 278; Brown and Glymph v. People, 158 Colo. 561, 408 P.2d 981.
The judgment is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Day not participating.