## No. 23957

## No. 24391

### Jerry E. Larkin v. The People of the State of Colorado
(493 P.2d 1)

Decided January 24, 1972.          Rehearing denied February 14, 1972.

158

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Dorothy E. Binder, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Jerry E. Larkin, the defendant below in both actions, will hereinafter be referred to as Larkin. The Court has consolidated these appeals since both arise out of the same trial below.

Larkin, who was an inmate of the Colorado State Penitentiary, and a member of a work force which worked outside the prison walls, came under suspicion of smuggling narcotics into the prison. On April 19, 1967, upon re-entering the prison he was searched but nothing was found. He voluntarily submitted to an X-ray which showed an object in his rectum. He refused to undergo an enema and was placed under constant surveillance in a maximum security cell the toilet facilities of which had been turned off. The next afternoon Larkin used the toilet and prison officials recovered a prophylactic containing what was later determined to be marijuana.

Larkin was charged in a two-count information with possession of a narcotic drug, namely marijuana, and with possession of a narcotic drug, second offense. Trial was to a jury and he was convicted on both counts. He was thereafter sentenced to the penitentiary. His prior penitentiary sentence ended while his motion for new trial was being considered. After that motion was denied, he began to serve his sentence under this conviction.

Reversal is sought by Larkin on the grounds that (1) the trial court erred in admitting certain evidence because it was seized during a search of his cell, which he contends was illegal; (2) testimony of certain inculpatory statements by Larkin were allowed after the court had ruled such statements inadmissible; and (3) his sentence should have been reduced by the amount of time Larkin was confined awaiting trial and sentencing. We affirm the judgment.

I.

Larkin argues that the trial court committed error in denying his Motion to Suppress Illegally Obtained Evidence. He argues that no search warrant was used and that it was an unreasonable intrusion on his privacy and person.

In our view *Moore v. People,* 171 Colo. 338, 467 P.2d 50, is dispositive of this issue. As we said there, the Fourth Amendment guarantees the security of persons only against unreasonable searches, and not every search without a warrant is unreasonable or illegal. Searches conducted by prison officials, whose charge is to operate the prisons in a safe and orderly manner, are not unreasonable so long as they are not conducted for the purpose of harrassing or humiliating an inmate, or in a cruel and unusual manner. *Moore v. People, supra,* at 52.

In the present case it is apparent from the circumstances that prison officials were fair and reasonable in their treatment of Larkin and that there was no reason to suppress the evidence seized in the course of their search. His consent was sought to undergo an X-ray and an enema. When he consented to the X-ray the evidence was discovered in his body. While the evidence could have been extracted by

forcible means, without his consent, the method employed here was with the aid of nature, with no intrusion into his body and no coercion.

It is equally clear that the prison officials committed no unconstitutional act in entering the cell, *Moore v. People, supra,* and removing the evidence therein. The action of the prison officials was reasonable under the circumstances. Therefore, no basis existed for suppressing the evidence seized.

## II.

At the trial, while a penitentiary correctional officer was testifying, questions were asked regarding conversations which transpired between Larkin and prison officials. To these questions timely objections were made and sustained. Later, the officer testified that Larkin used the toilet, got up, pointed and said, "There it is (referring to the contraband), you can have it now." To this testimony no objection was made and it was not preserved for review in the Motion for New Trial. Larkin, however, complains that the statement is inculpatory and should have been ruled inadmissible by the court on its own initiative. His contention is that since there was no evidence that he was first given the *Miranda* warnings, admitting the testimony relating to his statement was error. We do not agree.

This defect of which Larkin complains is alleged for the first time in this case before us. Not having properly preserved the issue for review it does not warrant our consideration. *Vassar v. People,* 160 Colo. 279, 417 P.2d 3; Colo. R. Crim. P. 37. He did not make timely and sufficient objections at trial, which omission we have held to constitute a waiver of grounds for appeal. *Stout v. People,* 171 Colo. 142, 464 P.2d 872; *Pine v. People,* 168 Colo. 290, 455 P.2d 868; *Roybal v. People,* 166 Colo. 541, 444 P.2d 875; *Lucero v. People,* 158 Colo. 568, 409 P.2d 278. Nor did he move the court to strike the testimony complained of, which we have also held is a waiver of his right to appeal. *Garrison v. People,* 147 Colo. 385, 364 P.2d 197; *Wright v. People,* 113 Colo. 224, 156 P.2d 123. And Larkin's Motion for New Trial did

not allege this error as required by the applicable rule of criminal procedure. *Land v. People,* 171 Colo. 114, 465 P.2d 124; Colo. R. Crim. P. 37(b).

■ The exception to the general rule is that this Court will consider issues not raised below where serious prejudicial error was made and justice requires the consideration. *Ruark v. People,* 157 Colo. 320, 402 P.2d 637, *cert. denied,* 382 U.S. 882, 86 S.Ct. 175, 15 L.Ed.2d 123. We find this is not such a case, and that even if error were found, it would not be so seriously prejudicial as to require reversal.

First, in contrast to Larkin's position, we note that the testimony wherein his statement was reported was not within the body of testimony specifically ruled inadmissible. What was ruled inadmissible was conversations between Larkin and prison officials. The record reveals that the statement under consideration was not as a result of interrogation. It was a spontaneous statement on the part of Larkin, not made in response to any interrogatory and as such does not come within the *Miranda* rule. *Maes v. People,* 160 Colo. 528, 418 P.2d 891.

Moreover, the record reveals that in the context of this case the other evidence is so overwhelming that it is clear that the admission of this statement was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

### III.

After his conviction on the charge at bar, there was a period of 17 days after his earlier sentence had expired during which Larkin was in the county jail while his Motion for New Trial was being considered. He contends that credit should be given on his present sentence for this time, because he was confined for that many days solely because of excessive bail, in that the trial court raised his bail from $1,000 to $10,000 upon the cessation of his former sentence. We do not find merit in his arguments.

This issue arose in a post-sentence Rule 35(a) hearing on Larkin's Motion to Correct Illegal Sentence. Colo. R. Crim. P. 35(a). The motion was denied.

*Maciel v. People,* 172 Colo. 8, 469 P.2d 135, is directly on point on this question. We held there that it will be conclusively presumed that the trial court gave credit for presentence time spent in confinement where, as here, the sentence imposed plus the prior time in confinement do not exceed the maximum possible sentence. *Maciel v. People, supra,* at 136. While Larkin could have received from five to twenty years, he was sentenced to not less than eight nor more than ten years. This circumstance puts the case squarely within the presumption of credit of *Maciel,* and review of the sentence is not warranted.

The judgment is affirmed.