### No. 27073

**The People of the State of Colorado v. Gerald Jerome Lobato**

(559 P.2d 224)

Decided January 24, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. VanCleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant, Gerald Jerome Lobato, appeals from a denial of his motion for reduction of sentence, based upon the contention that he was denied credit for presentence confinement. We affirm.

Defendant was convicted by a jury of the offenses of third-degree assault and simple robbery in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-204 and 40-4-301.[1] He was sentenced to the penitentiary on February 2, 1973, to serve not less than twelve months nor more than eighteen months on the assault count and not less than four years nor more than seven years on the robbery count, the sentences to run concurrently.

The authorized sentence for third-degree assault, a class 1 misdemeanor, was not less than six months nor more than twenty-four months imprisonment (1971 Perm. Supp., C.R.S. 1963, 40-1-106);[2] the authorized sentence for robbery, a class 4 felony, was not less than one year nor more than ten years imprisonment (1971 Perm. Supp., C.R.S. 1963, 40-1-105).[3]

The mittimus noted that the court had taken into consideration the time spent in the El Paso county jail prior to sentencing.

Defendant appealed his convictions to the Colorado Supreme Court, where they were affirmed on January 13, 1975. *People v. Lobato*, 187 Colo. 285, 530 P.2d 493.

During the pendency of defendant's appeal, the General Assembly amended the sentencing procedures in relation to class 4 and 5 felonies,

---

[1] Now sections 18-3-204 and 18-4-301, C.R.S. 1973.
[2] Now section 18-1-106, C.R.S. 1973.
[3] Now section 18-1-105, C.R.S. 1973 (1976 Supp.).

whereby an indeterminate sentence was permitted, without a minimum sentence being mandated. Colo. Sess. Laws 1973, ch. 145, 39-11-101(1)(b)[4] at 503.

Defendant filed a motion for reduction of sentence. 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).[5] Pursuant to this motion, the trial court amended the judgment and mittimus, resentencing defendant to an indeterminate term not to exceed seven years.

The amended judgment and mittimus, entered December 10, 1974, did not contain the recital that presentence jail time had been taken into consideration in imposing the amended sentence. Thereafter, on April 15, 1975, defendant filed a motion requesting that he specifically be given credit against the sentence imposed, for 152 days jail time served prior to sentencing. This motion was denied by the court. Defendant argues that fundamental fairness requires that the sentence be amended, reducing it by 152 days. This argument is without merit. Neither fundamental fairness, nor logic, requires that such relief be granted.

■ Initially, the court expressly stated in the judgment and mittimus, as prescribed by *People v. Jones*, 176 Colo. 61, 489 P.2d 596, and as now required by statute, section 16-11-306, C.R.S. 1973 (1976 Supp.), that it had taken into consideration presentence confinement. In the amended judgment and mittimus, the court conformed the sentence to the requirements of section 16-11-101(1)(b), C.R.S. 1973, and entered the same maximum sentence, but with no minimum sentence. Having initially taken into consideration the presentence confinement, it was not necessary under these circumstances to again recite what had been expressly stated before — that presentence confinement had been considered by the court.

■ Additionally, credit for presentence confinement must be presumed when the sentence imposed, plus the presentence confinement, does not exceed the maximum possible sentence. *Larkin v. People*, 177 Colo. 156, 493 P.2d 1. *See also* section 16-11-306(2), C.R.S. 1973.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.

---

[4] Now section 16-11-101(1)(b), C.R.S. 1973 (1976 Supp.).
[5] Now section 18-1-410(1)(f), C.R.S. 1973 (1976 Supp.).