The PEOPLE of the State of
Colorado, Petitioner,

v.

Brian Scott KRUSE, Respondent.

No. 91SC442.

Supreme Court of Colorado,
En Banc.

Oct. 13, 1992.

Rehearing Denied Nov. 16, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Karen Chilton Beverly, Special Deputy State Public Defender, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

The court of appeals in *People v. Kruse*, 819 P.2d 548 (Colo.App.1991), reversed the judgments of conviction and the sentences imposed on Brian Scott Kruse for first degree assault and crime of violence and ordered a new trial. In addressing an issue raised for the first time on appeal, the court of appeals held that the district court committed reversible error in admitting testimony on admissions by Kruse that he intended to kill his victim, because the testimony was barred by section 16–8–107(1), 8A C.R.S. (1992 Supp.). We granted certiorari and now reverse and remand to the court of appeals with directions to reinstate the judgments of conviction and sentences imposed on Kruse by the district court.

I

Kruse was arrested and charged by information with first-degree assault,[1] first-degree criminal trespass,[2] and crime of violence (a predicate for mandatory sentence

---

**1.** § 18–3–202, 8B C.R.S. (1986 & 1992 Supp.).

**2.** § 18–4–502, 8B C.R.S. (1986 & 1992 Supp.).

enhancement).[3] Following his arrest, Kruse voluntarily confessed that he and a friend had entered a number of cars around his apartment and had taken cassette tapes and money from the cars. Kruse also confessed to stabbing the assault victim who had grabbed and tackled him in an attempt to make an arrest.

Kruse entered a plea of not guilty by reason of insanity in accordance with section 16–8–103, 8A C.R.S. (1986). In compliance with section 16–8–105, 8A C.R.S. (1986), the district court ordered Kruse to undergo a sanity examination at the Colorado State Hospital pursuant to section 16–8–106, 8A C.R.S. (1986 & 1992 Supp.). While confined at the Colorado State Hospital, Kruse made incriminating statements to William Ortiz, a psychiatric service worker employed at the hospital. Following the sanity examination, Kruse withdrew his plea of not guilty by reason of insanity and entered a plea of not guilty to the charges.

Self-defense was the central issue in the trial and was asserted by Kruse as an affirmative defense to the assault charge. The evidence of Kruse's guilt was over-whelming and the jury convicted him on all counts. He was sentenced to twenty-eight years in prison for the assault and four years in prison for the trespass, with the terms to be served concurrently.

For the first time on appeal, Kruse alleged that the district court committed reversible error in admitting the testimony of Ortiz in violation of section 16–8–107(1).[4] Ortiz testified during the prosecution's case-in-chief as to an admission by Kruse, in a conversation with another patient and Ortiz, that Kruse intended to kill the assault victim.[5] The testimony was introduced to rebut Kruse's claim of self-defense.

## II

A divided panel of the court of appeals held that the district court committed reversible error during the trial by admitting Ortiz's testimony. *People v. Kruse*, 819 P.2d 548 (Colo.App.1991). The majority held that Ortiz's testimony was barred under section 16–8–107(1) because it violated Kruse's privilege against self-incrimination.[6]

Judge Van Cise, in dissent, said:

---

**3.** § 16–11–309, 8A C.R.S. (1986 & 1992 Supp.).

**4.** At trial, Kruse objected to Ortiz's testimony on grounds of relevancy under CRE 401 and 403 and competency based on Ortiz's inability to recall clearly Kruse's statements. *Kruse*, 819 P.2d at 551 (Van Cise, J., dissenting).

**5.** Ortiz testified as to a conversation he had with Kruse while Kruse was confined for the court-ordered sanity examination. Ortiz, a licensed psychiatric technician employed at the Colorado State Hospital, occasionally helped with group and individual therapy sessions, and also performed security work. Ortiz testified that on the day in question he was working in a security capacity. While making a round, he saw Kruse and another patient engaged in what he sensed to be an angry conversation. Ortiz testified that part of his job was to interact with patients and that he entered into the discussion to determine what was going on. Ortiz said that Kruse and the other individual were discussing the incidents that led to their arrests. Ortiz asked why Kruse was in the hospital. After Kruse informed Ortiz that he and another man had stabbed someone, Ortiz told Kruse that "he was lucky that the guy didn't die." Kruse replied that he intended to kill the victim and that he "wished the guy would have died."

**6.** Section 16–8–107(1) provides:

Except as provided in this subsection (1), no evidence acquired directly or indirectly for the first time from a communication derived from the defendant's mental processes during the course of a court-ordered examination under section 16–8–106 or acquired pursuant to section 16–8–103.6 is admissible against the defendant on the issues raised by a plea of not guilty, if the defendant is put to trial on those issues, except to rebut evidence of his mental condition introduced by the defendant to show incapacity to form a culpable mental state.... If the defendant testifies in his own behalf upon the trial of the issues raised by the plea of not guilty, the provisions of this section shall not bar any evidence used to impeach or rebut the defendant's testimony. § 16–8–107(1), 8A C.R.S. (1992 Supp.). In its analysis, the majority also discussed section 16–8–106, 8A C.R.S. (1986 & 1992 Supp.). Section 16–8–106(2) provides:

(2) The defendant shall have a privilege against self-incrimination during the course of an examination under this section. The fact of the defendant's noncooperation with psychiatrists and other personnel conducting the examination may be admissible in the defendant's trial on the issues of insanity, competency, or impaired mental condition.

Defendant's argument that the service worker's testimony was barred under the limited use provision of § 16–8–107(1), C.R.S. (1990 Cum.Supp.) is raised for the first time on appeal. His objection to the witness' testimony in the trial court was based on relevancy under CRE 401 and 403 and, alternatively, the witness' inability to recall clearly the defendant's statements.

Having failed to object in the trial court on the grounds now asserted, defendant is deemed to have waived the objection on appeal. CRE 103; *People v. Watson,* 668 P.2d 965 (Colo.App.1983). *Kruse,* 819 P.2d at 551 (Van Cise, J., dissenting). We agree with Judge Van Cise.

██ The protection provided by section 16–8–107(1) should not have been addressed by the court of appeals. The general rule is that failure to make a timely and sufficient objection during the trial constitutes a waiver of that ground on appeal. *Larkin v. People,* 177 Colo. 156, 160, 493 P.2d 1, 3 (1972); *People v. Browning,* 809 P.2d 1086, 1088 (Colo.App.1990).[7] Kruse waived his objection to the admission of Ortiz's testimony under section 16–8–107(1) by failing to properly object at trial. *People v. Watson,* 668 P.2d 965, 966–67 (Colo.App.1983) (holding that appellate court could not consider objection to testimony when defendant objected at trial on different grounds).

An exception to the general rule exists, however, that permits an appellate court to address issues not raised below where plain error requires consideration of the issues.

*Larkin,* 177 Colo. at 161, 493 P.2d at 3 (requiring serious prejudicial error); *see also People v. Hampton,* 746 P.2d 947, 953 n. 11 (Colo.1987) (noting that failure to object in district court on grounds asserted on appeal is deemed to waive the objection unless the alleged error rises to plain error); *Dorador v. Cronin,* 199 Colo. 85, 86, 605 P.2d 53, 54 (1980) (holding that appellate court will not pass on issues that have not been presented for determination in district court except in case of plain or fundamental error); *Cox v. Pearl Inv. Co.,* 168 Colo. 67, 71, 450 P.2d 60, 61 (1969) (noting that appellate court will not consider issue on review unless it involves plain error).

This case, however, does not present a case of plain error.[8] Plain error occurs when, "after review [of] the entire record, [we] can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Wilson v. People,* 743 P.2d 415, 420 (Colo.1987).

When the record is considered as a whole, the admission of Ortiz's testimony during the prosecution's case-in-chief, and not as rebuttal testimony, did not rise to the level of plain error. Kruse's theory of defense was self-defense and was raised in the defense's opening statement immediately after the prosecution's opening statement. Kruse testified that the stabbing occurred in self-defense and the closing argument for the defense centered on

§ 16–8–106(2), 8A C.R.S. (1986).

7. Similarly, under the Federal Rules of Evidence, a specific objection is waived on appeal if not raised at trial. Fed.R.Evid. 103; *see, e.g., United States v. Gomez-Norena,* 908 F.2d 497, 499–500 (9th Cir.) (holding that a party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection but also by making the *wrong* specific objection), *cert. denied,* — U.S. —, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990).

Commentators also recognize the rule precluding appellate review of issues that a party fails to object to at trial. *See generally McCormick on Evidence* § 52, at 113 (Edward W. Cleary ed. 1984) (discussing general rule and cataloguing cases); 1 Jack B. Weinstein & Mar-

garet A. Berger, *Weinstein's Evidence* ¶ 103[02], at 103-24—103-26 (1992) (same); 1 *Wigmore on Evidence* § 18, at 815, 828 (Peter Tillmers rev. 1983) (same); 3A Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5036, at 183–84 (1977) (same).

8. Crim.P. 52(a) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *See also* C.A.R. 35(e) (appellate court shall disregard any error or defect not affecting substantial rights of parties); CRE 103 (error may not be predicated upon ruling that admits or excludes evidence unless a substantial right of the party is affected).

Kruse's testimony and the self-defense theory. The jury was also properly instructed on self-defense. The sole question is whether the conviction should be reversed because the prosecution called Ortiz to testify as part of the prosecution's case-in-chief and not as a rebuttal witness.

Ortiz's testimony was offered to impeach and rebut Kruse's claim of self-defense. Kruse claims that section 16-8-107(1) bars the admission of Ortiz's testimony in the prosecution's case-in-chief, but recognizes that the evidence could properly be admitted as rebuttal testimony. *See* § 16-8-107(1). The alleged error occurred when Ortiz testified as a prosecution witness and not as a rebuttal witness. In our view, the untimely admission of Ortiz's testimony did not constitute plain error under the facts in this case. The court of appeals therefore erred in reversing the judgments of conviction.

### III

█ Kruse, in his answer brief in this court, also argues for the first time that his rights under the Fifth and Sixth Amendments to the United States Constitution were violated because he was not given a *Miranda* warning by Ortiz and was not advised that he had the right to consult with an attorney before making a statement.[9] Kruse did not raise the constitutional claims in the district court or in the court of appeals. Kruse also failed to file a cross-petition for certiorari from the court of appeals or to even respond to the prosecution's petition for certiorari.

Kruse's constitutional arguments are not properly before us for review on certiorari. *See Vigoda v. Denver Urban Renewal Auth.*, 646 P.2d 900, 907 (Colo.1982) (holding that issue raised only in answer brief cannot be said to be fairly within issues raised by petition for certiorari); *Sherman Agency v. Carey*, 195 Colo. 277, 280, 577 P.2d 759, 761 (1978) (holding that Supreme Court would not consider issue not mentioned either in petition for rehearing or in petition for certiorari even though matter was argued before it); *Berge v. Berge*, 189

Colo. 103, 104, 536 P.2d 1135, 1136 (1975) (holding that Supreme Court need not consider issue not raised in petition for certiorari). The constitutional arguments are not properly before us on certiorari and will not be addressed.

### IV

The court of appeals erred in considering Kruse's objection to the admission of Ortiz's testimony under section 16-8-107(1) that was raised for the first time on appeal. Kruse cannot allege violations of the Fifth and Sixth Amendments to the United States Constitution for the first time in this court in an answer brief. Certiorari was granted on limited issues that did not include the constitutional issues that are now asserted for the first time in this court. The protection afforded during "the court-ordered sanity examination" under section 16-8-107(1) or the privilege afforded by section 16-8-106(2) was not preserved for appellate review and should not have been addressed by the court of appeals. Accordingly, we reverse and remand to the court of appeals with directions to reinstate the judgments of conviction and the sentences imposed by the district court.

---

**9.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).