Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

June 5, 2017

**2017 CO 60**

**No. 15SC470, <u>People v. Corrales-Castro</u>—Criminal Law—Withdrawal of Guilty Plea—Crim. P. 32(d)—Guilty Pleas—Ineffective Assistance of Counsel—Deferred Judgment.**

Osvaldo Corrales-Castro pled guilty to criminal impersonation and received a one-year deferred judgment.  He successfully complied with the terms of the deferred judgment, and in May 2010 the court withdrew his guilty plea and the charge was dismissed with prejudice pursuant to section 18-1.3-102(2), C.R.S. (2016), which provides that, upon "full compliance with [the conditions of a deferred judgment]," the guilty plea previously entered "shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."  In 2013, Corrales-Castro filed a motion to withdraw his guilty plea pursuant to Crim. P. 32(d), which authorizes "a motion to withdraw a plea of guilty . . . before sentence is imposed or imposition of sentence is suspended."  The district court denied the motion and the court of appeals reversed, holding that Crim. P. 32(d) authorizes the withdrawal of an already-withdrawn plea.  The supreme court holds that the plain terms of Rule 32(d) require a plea to exist in order for it to be withdrawn.  Therefore,

Crim. P. 32(d) does not authorize withdrawal of Corrales-Castro's plea. Accordingly, the supreme court reverses the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 60

### Supreme Court Case No. 15SC470
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA49

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Osvaldo Corrales-Castro.

### Judgment Reversed
*en banc*
June 5, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
William G. Kozeliski, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent:**
Meyer Law Office, P.C.
Hans Meyer
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.

¶1 Osvaldo Corrales-Castro pled guilty to a criminal impersonation charge and he received a one-year deferred judgment. When Corrales-Castro successfully completed the deferred judgment in 2010, his plea was withdrawn and the charge was dismissed with prejudice pursuant to section 18-1.3-102(2), C.R.S. (2016), which provides that, upon "full compliance with [the conditions of a deferred judgment]," the guilty plea previously entered "shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."

¶2 In 2013, Corrales-Castro filed a motion to withdraw his guilty plea pursuant to Crim. P. 32(d), which authorizes "[a] motion to withdraw a plea of guilty . . . before sentence is imposed or imposition of sentence is suspended." The district court denied the motion. The court of appeals reversed, holding that Crim. P. 32(d) authorizes the withdrawal of a plea that had already been withdrawn. People v. Corrales-Castro, 2015 COA 34M, ¶ 2, ___ P.3d ___, ___.

¶3 We granted the People's petition for certiorari and now reverse.[1] We hold that the plain language of Crim. P. 32(d) requires that a "plea" exist in order for it to be "withdraw[n]." Therefore, there is nothing in the Rule that would authorize a district court to withdraw an already-withdrawn plea. Because Corrales-Castro's plea had already been withdrawn and the case dismissed with prejudice pursuant to section 18-1.3-102(2), there was no plea to be withdrawn pursuant to Rule 32(d). Accordingly, we reverse the court of appeals.

---

[1] Today we also decide the companion cases of Espino-Paez v. People, 2017 CO 61, ___ P.3d ___; People v. Roman, 2017 CO 63, ___ P.3d ___; Flores-Heredia v. People, 2017 CO 64, ___ P.3d ___; and Zafiro-Guillen v. People, 2017 CO 62, ___ P.3d ___.

## I.

On May 12, 2009, Corrales-Castro pled guilty to criminal impersonation, and he received a one-year deferred judgment. Corrales-Castro successfully complied with the terms of the deferred judgment, and in May 2010 the court withdrew his guilty plea and the charge was dismissed with prejudice pursuant to section 18-1.3-102(2).[2]

In May 2013, Corrales-Castro filed a motion to withdraw his guilty plea under Crim. P. 32(d), asserting that the plea was based on ineffective assistance of counsel. The district court determined that it lacked jurisdiction to consider Corrales-Castro's motion. The court of appeals reversed. Corrales-Castro, ¶ 2. The court held that Crim. P. 32(d) allows a defendant to seek withdrawal of a plea that has previously been withdrawn pursuant to section 18-1.3-102(2) when the plea has collateral consequences under federal immigration law. Id. at ¶¶ 26–27. We granted certiorari and now reverse.[3]

## II.

We review de novo the court of appeals' interpretation of Crim. P. 32(d). People v. Sandoval-Candelaria, 2014 CO 21, ¶ 11, 321 P.3d 487, 489.

---

[2] Section 18-1.3-102(2) has been modified on multiple occasions since Corrales-Castro's plea was withdrawn and his case dismissed. However, the changes do not affect our analysis.

[3] We granted certiorari to review the following issue: "Whether a district court has jurisdiction or authority to rule on a motion to withdraw a guilty plea under Crim. P. 32(d) after the plea was previously withdrawn and the charge dismissed with prejudice under section 18-1.3-102(2), C.R.S. (2014)."

3

¶7 Crim. P. 32(d) provides that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended." (Emphasis added.) Under the plain language of Rule 32(d), there must be a "plea" to "withdraw." Here, there is no such plea to withdraw, because the plea was previously withdrawn pursuant to section 18-1.3-102(2). Because nothing in Rule 32(d) authorizes[4] a district court to withdraw an already-withdrawn plea, we reverse the court of appeals.

¶8 Section 18-1.3-102(2) provides that: "Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice." (Emphasis added.) Because Corrales-Castro completed his deferred judgment, the district court ordered his plea of guilty withdrawn in 2010 and dismissed the charges against him. Accordingly, his plea "vanish[ed]," was "take[n] back," and was "retract[ed]." See Withdraw, Black's Law Dictionary (10th ed. 2014).

¶9 The court of appeals agreed that Corrales-Castro's plea was withdrawn under section 18-1.3-102(2), and that therefore it no longer had any consequences under state law. Corrales-Castro, ¶¶ 12, 14. But it found that because the plea could have consequences under federal immigration law, Rule 32(d) must be read to permit a challenge to its validity. Id. at ¶¶ 16, 22.

[4] The People framed their certiorari question as whether Rule 32(d) provides "jurisdiction or authority" to withdraw an already-withdrawn plea. We interpret their argument as not challenging the subject matter jurisdiction of the district court to consider Corrales-Castro's Rule 32(d) motion, but rather its authority under Rule 32(d) to grant the relief Corrales-Castro sought.

4

¶10 The court of appeals relied heavily upon our opinion in <u>Kazadi v. People</u>, 2012 CO 73, 291 P.3d 16, and adopted the position of the dissenting judge in <u>People v. Espino-Paez</u>, 2014 COA 126M, ___ P.3d ___ (Taubman, J., concurring in part and dissenting in part), a companion case we also decide today. We agree with the majority in <u>Espino-Paez</u>, however, that <u>Kazadi</u> is not controlling here.

¶11 In <u>Kazadi</u>, the question was whether a defendant could challenge a deferred judgment under Crim. P. 35(c) for ineffective assistance of counsel. <u>Kazadi</u>, ¶ 1, 291 P.3d at 18. This court held that a defendant could not use Rule 35(c) to pursue such a challenge because the rule required a judgment of conviction, and there was no such judgment in the defendant's case because of his deferred judgment. <u>Id.</u> at ¶ 22, 291 P.3d at 23. We held that Rule 32(d) was an appropriate vehicle to raise his ineffective assistance claim, because it allows a plea to be withdrawn before sentence is imposed. <u>Id.</u>

¶12 The key distinction between this case and <u>Kazadi</u>, however, is that there the defendant's plea had not been withdrawn and the case dismissed under section 18-1.3-102(2). <u>Id.</u> at ¶ 2, 291 P.3d at 18 (considering whether Rule 35(c) is the appropriate vehicle to challenge his plea when "his deferred judgment and sentence are still in effect"). <u>Kazadi</u> held that Rule 32(d), not Rule 35(c), was an appropriate vehicle by which to challenge a plea to a deferred judgment, but it did not suggest that a defendant was relieved of meeting the requirements of Rule 32(d), as relevant here, that there be a plea to withdraw.

¶13 The court of appeals also reasoned that because the immigration consequences of a deferred judgment plea may remain after it has been withdrawn, Rule 32(d) must be read to enable a challenge to the validity of the plea. Corrales-Castro, ¶ 25. What Corrales-Castro is seeking, however, is not that the plea be withdrawn, because it already has been, but that he be given an opportunity to remove the collateral consequences of a plea under federal law. Defining those collateral consequences is within the purview of federal law, however, not Rule 32(d).

¶14 The appellate court also found that there was nothing express in the language of Rule 32(d) that would prohibit a defendant from seeking the withdrawal of an already-withdrawn plea under the circumstances presented by this case. But as noted above, we disagree, as the Rule's reference to a "motion to withdraw a plea of guilty" presupposes the existence of a plea that can be withdrawn. We find nothing in the language of Rule 32(d) that would permit a district court to withdraw an already-withdrawn plea.

¶15 Finally, we note that under Padilla v. Kentucky, 559 U.S. 356, 364, 369 (2010), "[b]efore deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel," including "correct advice" regarding the immigration consequences of a plea. The court of appeals implied, and Corrales-Castro expressly argues before us, that Padilla requires that he be provided a remedy to challenge his plea. As noted above, we held in Kazadi that Rule 32(d) is an appropriate remedy for such an ineffective assistance of counsel claim in the deferred judgment context. However, a defendant must still comply with the dictates of Rule 32(d) in order to

invoke that remedy. Here, we hold that the plain terms of Rule 32(d) require a plea to exist in order for it to be withdrawn, and there is no such plea in this case. Because nothing in Rule 32(d) authorizes a district court to withdraw an already-withdrawn plea, we reverse the court of appeals.

## III.

¶16    For the above-stated reasons, we reverse the court of appeals.