Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 5, 2017

**2017 CO 61**

**No. 14SC957, <u>Espino-Paez v. People</u>—Criminal Law—Withdrawal of Guilty Plea—
Crim. P. 32(d)—Guilty Pleas—Ineffective Assistance of Counsel—Deferred
Judgment.**

Jose Espino-Paez pled guilty to the use of a schedule II controlled substance and

received a deferred judgment. When he successfully completed the terms of the

deferred judgment, his guilty plea was withdrawn and the charge was dismissed with

prejudice. In 2012, Espino-Paez filed a motion to withdraw his plea pursuant to

Crim. P. 32(d). The district court denied the motion, and the court of appeals affirmed,

holding that the district court had no authority to withdraw the plea because it had

already been withdrawn. For the reasons discussed in the lead companion case,

<u>People v. Corrales-Castro</u>, 2017 CO 60, ___ P.3d ___, also announced today, the supreme

court holds that the plain terms of Rule 32(d) require a plea to exist in order for it to be

withdrawn. Therefore, Crim. P. 32(d) does not authorize withdrawal of Espino-Paez's

plea. Accordingly, the supreme court affirms the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 61

### Supreme Court Case No. 14SC957
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 12CA2635

### Petitioner:

Jose Sabino Espino-Paez,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
June 5, 2017

**Attorneys for Petitioner:**
The Noble Law Firm, LLC
Antony Noble
  *Lakewood, Colorado*

Meyer Law Office, P.C.
Hans Meyer
  *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
William G. Kozeliski, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Amicus Curiae American Immigration Lawyers Association Colorado Chapter:**
Lichter Immigration
Mark R. Barr
  *Denver, Colorado*

Access Immigration, LLC
Katharine S. Speer
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Criminal Defense Bar:**
Joseph Law Firm, P.C.
Aaron C. Hall
  *Aurora, Colorado*

**Attorney for Amici Curiae Colorado Legal Academics and the National Immigration Project of the National Lawyers Guild**:
Christopher N. Lasch
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.

¶1 Petitioner Jose Espino-Paez pled guilty to the use of a schedule II controlled substance in 1996 and received a deferred judgment. When he successfully completed the terms of his deferred judgment, his guilty plea was withdrawn and the charge was dismissed with prejudice.

¶2 In 2012, Espino-Paez filed a petition for postconviction relief pursuant to Crim. P. 35(c) and in the alternative to withdraw his guilty plea pursuant to Crim. P. 32(d). The district court denied that motion, and the court of appeals affirmed, holding that the district court had no authority to withdraw the plea because it had already been withdrawn. People v. Espino-Paez, 2014 COA 126M, ¶ 13, ___ P.3d ___, ___.

¶3 We granted Espino-Paez's petition for certiorari and now affirm. For the reasons more fully articulated in People v. Corrales-Castro, 2017 CO 60, ___ P.3d ___, the lead case we decide today,[1] we conclude that the plain language of Crim. P. 32(d) requires that a "plea" exist in order for it to be "withdraw[n]." Therefore, there is nothing in the Rule that would authorize a district court to withdraw an already-withdrawn plea. Because Espino-Paez's plea had already been withdrawn and the case dismissed with prejudice pursuant to section 18-1.3-102(2), C.R.S. (2016), there was no plea to be withdrawn pursuant to Rule 32(d). Accordingly, we affirm the court of appeals.

---

[1] In addition to Corrales-Castro, we also decide the companion cases of People v. Roman, 2017 CO 63, ___ P.3d ___; Flores-Heredia v. People, 2017 CO 64, ___ P.3d ___; and Zafiro-Guillen v. People, 2017 CO 62, ___ P.3d ___.

**I.**

Espino-Paez pled guilty to the use of a schedule II controlled substance in 1996. He received a deferred judgment on the condition that he successfully complete drug and alcohol treatment. He successfully completed the treatment, and in October 1997 the district court ordered his guilty plea withdrawn and dismissed the charge with prejudice.

In October 2012, Espino-Paez filed a petition for postconviction relief pursuant to Crim. P. 35(c) and, in the alternative, a motion to withdraw his guilty plea under Crim. P. 32(d), alleging ineffective assistance of counsel.

The district court denied the petition, and the court of appeals affirmed. Espino-Paez, ¶ 8. The majority held that the district court had no authority to consider Espino-Paez's Rule 32(d) motion because "the relief he now seeks—withdrawal of his guilty plea pursuant to Crim P. 32(d)—has already been granted." Id. at ¶ 13. Judge Taubman dissented. Id. at ¶¶ 19–43 (Taubman, J., concurring in part and dissenting in part). Judge Taubman reasoned that Rule 32(d) should be interpreted to authorize the withdrawal of an already-withdrawn plea where a defendant alleges ineffective assistance of counsel due to counsel's failure to advise him on the immigration consequences of a plea. Id. at ¶ 19. We granted certiorari and now affirm.[2]

---

[2] We granted certiorari to review the following issue: "Whether a criminal defendant who has successfully completed the terms of a deferred judgment can withdraw the guilty plea to the deferred judgment under Crim. P. 32(d) if it was entered as a result of ineffective assistance of counsel."

4

## II.

¶7    For the reasons more fully articulated in the lead case <u>People v. Corrales-Castro</u>, we conclude that Rule 32(d) does not authorize withdrawal of an already-withdrawn plea.  Accordingly, we affirm the court of appeals.