Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 5, 2017

**2017 CO 62**

**No. 15SC511, <u>Zafiro-Guillen v. People</u>—Criminal Law—Withdrawal of Guilty Plea—Crim. P. 32(d)—Guilty Pleas—Ineffective Assistance of Counsel—Deferred Judgment.**

Edgar Zafiro-Guillen pled guilty to possession of one gram or less of a schedule II controlled substance in exchange for a two-year deferred judgment. In 2009, upon successful completion of the terms of the deferred judgment, the district court withdrew Zafiro-Guillen's guilty plea and dismissed the case with prejudice. In 2013, Zafiro-Guillen filed a motion to withdraw his guilty plea pursuant to Crim. P. 32(d). The district court denied the motion, holding it lacked jurisdiction. The court of appeals affirmed. For the reasons discussed in the lead companion case, <u>People v. Corrales-Castro</u>, 2017 CO 60, ___ P.3d ___, also announced today, the supreme court holds that the plain terms of Rule 32(d) require a plea to exist in order for it to be withdrawn. Therefore, Crim. P. 32(d) does not authorize withdrawal of Zafiro-Guillen's plea. Accordingly, the supreme court affirms the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 62

**Supreme Court Case No. 15SC511**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA534

**Petitioner:**

Edgar Zafiro-Guillen,

v.

**Respondent:**

The People of the State of Colorado.

## Judgment Affirmed
*en banc*
June 5, 2017

**Attorney for Petitioner:**
Ferdinand L. Torres
  *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
William G. Kozeliski, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.
**JUSTICE GABRIEL** does not participate.

¶1 Petitioner Edgar Zafiro-Guillen pled guilty to possession of one gram or less of a schedule II controlled substance in exchange for a two-year deferred judgment. In 2009, upon successful completion of the conditions of the deferred judgment, his plea was withdrawn and the case was dismissed with prejudice pursuant to section 18-1.3-102(2), C.R.S. (2016).

¶2 In 2013, Zafiro-Guillen filed a motion to withdraw his guilty plea pursuant to Crim. P. 32(d), alleging ineffective assistance of counsel. The district court denied the motion, holding it lacked jurisdiction. The court of appeals affirmed. People v. Zafiro-Guillen, No. 14CA534, slip op. at 1–5 (Colo. App. Mar. 19, 2015).

¶3 We granted Zafiro-Guillen's petition for certiorari and now affirm. For the reasons more fully articulated in People v. Corrales-Castro, 2017 CO 60, ___ P.3d ___, the lead case we decide today,[1] we conclude that the plain language of Crim. P. 32(d) requires that a "plea" exist in order for it to be "withdraw[n]." Therefore, there is nothing in the Rule that would authorize a district court to withdraw an already-withdrawn plea. Because Zafiro-Guillen's plea had already been withdrawn and the case dismissed with prejudice pursuant to section 18-1.3-102(2), there was no plea to be withdrawn pursuant to Rule 32(d). Accordingly, we affirm the court of appeals.

**I.**

¶4 In April 2007, Zafiro-Guillen pled guilty to possession of one gram or less of a schedule II controlled substance in exchange for a two-year deferred judgment. In

---

[1] In addition to Corrales-Castro, we also decide the companion cases of Espino-Paez v. People, 2017 CO 61, ___ P.3d ___; Flores-Heredia v. People, 2017 CO 64, ___ P.3d ___; and People v. Roman, 2017 CO 63, ___ P.3d ___.

April 2009, upon successful completion of the terms of the deferred judgment, the district court withdrew Zafiro-Guillen's guilty plea and dismissed the case with prejudice.

¶5     In 2013, Zafiro-Guillen filed a motion to withdraw his guilty plea pursuant to Crim. P. 32(d), alleging ineffective assistance of counsel.  The district court denied his motion, concluding that it lacked jurisdiction because Zafiro-Guillen's plea had already been withdrawn and his case had been dismissed with prejudice.  The court of appeals affirmed.  Zafiro-Guillen, slip op. at 1.  We granted certiorari and now affirm.[2]

## II.

¶6     For the reasons more fully articulated in the lead case People v. Corrales-Castro, we conclude Rule 32(d) does not authorize withdrawal of an already-withdrawn plea. Accordingly, we affirm the court of appeals.

**JUSTICE GABRIEL** does not participate.

---

[2] We granted certiorari to review the following issue: "Whether the court should allow withdrawal of the guilty plea entered by the petitioner, who successfully completed the terms and conditions of a deferred judgment, under Crim. P. 32(d) when it was entered as a result of ineffective assistance of counsel."