Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2017 CO 63**

**No. 15SC568, People v. Roman—Criminal Law—Withdrawal of Guilty Plea—Crim. P. 32(d)—Guilty Pleas—Ineffective Assistance of Counsel—Deferred Judgment.**

Eloisa Roman pled guilty to criminal impersonation and received a two-year deferred judgment.  She successfully completed her deferred judgment and her plea was withdrawn and the case was dismissed.  In 2013, she filed a motion under Crim. P. 32(d) seeking to withdraw her plea.  The trial court denied her motion, and the court of appeals reversed, holding that Rule 32(d) authorized the district court to withdraw Roman's previously-withdrawn plea.  For the reasons discussed in the lead companion case, People v. Corrales-Castro, 2017 CO 60, ___ P.3d ___, also announced today, the supreme court holds that the plain terms of Rule 32(d) require a plea to exist in order for it to be withdrawn.  Therefore, Crim. P. 32(d) does not authorize withdrawal of Roman's plea.  Accordingly, the supreme court reverses the court of appeals.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 63

**Supreme Court Case No. 15SC568**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA524

### Petitioner:

The People of the State of Colorado,

v.

### Respondent:

Eloisa Roman.

### Judgment Reversed
*en banc*
June 5, 2017

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
William G. Kozeliski, Assistant Attorney General
 *Denver, Colorado*

**Attorney for Respondent:**
Ferdinand L. Torres
 *Denver, Colorado*

JUSTICE EID delivered the Opinion of the Court.

¶1 In 2006, respondent Eloisa Roman pled guilty to criminal impersonation and received a two-year deferred judgment. In 2008, she successfully completed her deferred judgment and her plea was withdrawn and the case was dismissed. In 2013, she filed a motion under Crim. P. 32(d) seeking to withdraw her plea based on an allegation of ineffective assistance of counsel. The trial court denied her motion, reasoning that there was no plea to withdraw under Rule 32(d). The court of appeals reversed, holding that Rule 32(d) authorized the district court to withdraw Roman's previously-withdrawn plea. People v. Roman, No. 14CA524, slip op. at 1 (Colo. App. June 18, 2015).

¶2 We granted the People's petition for certiorari and now reverse. For the reasons more fully articulated in People v. Corrales-Castro, 2017 CO 60, ___ P.3d ___, the lead case we decide today,[1] we conclude that the plain language of Crim. P. 32(d) requires that a "plea" exist in order for it to be "withdraw[n]." Therefore, there is nothing in the Rule that would authorize a district court to withdraw an already-withdrawn plea. Because Roman's plea had already been withdrawn and the case dismissed with prejudice pursuant to section 18-1.3-102(2), C.R.S. (2016), there was no plea to be withdrawn pursuant to Rule 32(d). Accordingly, we reverse the court of appeals.

**I.**

¶3 On November 14, 2006, Roman pled guilty to criminal impersonation and received a two-year deferred judgment. In December 2007, Roman's probation officer

---

[1] In addition to Corrales-Castro, we also decide the companion cases of Espino-Paez v. People, 2017 CO 61, ___ P.3d ___; Flores-Heredia v. People, 2017 CO 64, ___ P.3d ___; and Zafiro-Guillen v. People, 2017 CO 62, ___ P.3d ___.

requested that her status be changed to unsupervised, and the court approved the request on January 7, 2008. The plea was withdrawn and the case was dismissed in November 2008.[2]

¶4 On December 19, 2013, Roman filed a motion asking the district court to withdraw her plea pursuant to Crim. P. 32(d), alleging ineffective assistance of counsel. The trial court denied the motion, reasoning that there was no plea to withdraw under Rule 32(d). The court of appeals reversed, concluding that Rule 32(d) authorized the trial court to withdraw her previously-withdrawn plea. Roman, slip op. at 1. We granted certiorari[3] and now reverse the court of appeals.

## II.

¶5 For the reasons more fully articulated in the lead case People v. Corrales-Castro, we conclude that Rule 32(d) does not authorize withdrawal of an already-withdrawn plea. Accordingly, we reverse the court of appeals.

---

[2] The trial court concluded that Roman's plea "was automatically withdrawn and her case was dismissed with prejudice" on November 17, 2008. The court of appeals stated in its factual description of the case that "[h]er guilty plea was withdrawn and her case was dismissed with prejudice by operation of law. See § 18-1.3-102(2), C.R.S. 2014." Roman, slip. op. at 2. At oral argument, however, Roman's counsel appeared to challenge the court of appeals' treatment of her plea as being withdrawn by operation of law. We need not further consider this issue in this case, however, because Roman did not file a cross-petition with us raising the issue. See, e.g., People v. Kruse, 839 P.2d 1, 4 (Colo. 1992) (concluding that an issue raised for the first time in an answer brief to this court, on which a cross-petition for certiorari was not filed, was not properly before the court).

[3] We granted certiorari to review the following issue: "Whether a district court has jurisdiction or authority to rule on a motion to withdraw a guilty plea under Crim. P. 32(d) after the plea was previously withdrawn and the charge dismissed with prejudice under section 18-1.3-102(2)."