Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2017 CO 64**

**No. 15SC901, <u>Flores-Heredia v. People</u>—Criminal Law—Withdrawal of Guilty Plea—
Crim. P. 32(d)—Guilty Pleas—Ineffective Assistance of Counsel—Deferred
Judgment.**

Jesus Flores-Heredia pled guilty to inducement and conspiracy to sell and
possess with intent to sell a schedule II controlled substance, and he received a one-year
deferred judgment in 1990.  Although he successfully completed the deferred judgment
in 1991, no court ever ordered his plea withdrawn or the action against him dismissed
pursuant to section 18-1.3-102(2), C.R.S. (2016), which provides that, upon "full
compliance with [the conditions of a deferred judgment]" the guilty plea previously
entered "shall be withdrawn and the charge upon which the judgment and sentence of
the court was deferred shall be dismissed with prejudice."  In 2014, Flores-Heredia filed
a motion to withdraw his plea pursuant to Crim. P. 32(d).  The district court concluded
that because no order had been entered withdrawing Flores-Heredia's plea and
dismissing the charge under section 18-1.3-102(2), it would enter such an order.  The
court then denied the Rule 32(d) motion, concluding that it could not withdraw the plea
because the plea had already been withdrawn.

The supreme court holds that section 18-1.3-102(2) requires that a plea be deemed withdrawn and the charge dismissed once the deferred judgment is successfully completed, and when an order to this effect is not entered, it occurs by operation of law as mandated by section 18-1.3-102(2). Therefore, Flores-Heredia's plea was withdrawn by operation of law when he successfully completed the deferred judgment in 1991. Further, for the reasons discussed in the lead companion case, People v. Corrales-Castro, 2017 CO 60, ___ P.3d ___, also announced today, the supreme court holds that the plain terms of Rule 32(d) require a plea to exist in order for it to be withdrawn. Therefore, Crim. P. 32(d) does not authorize withdrawal of Flores-Heredia's plea. Accordingly, the supreme court affirms the district court.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2017 CO 64

### Supreme Court Case No. 15SC901

*C.A.R. 50 Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA1405
Boulder County District Court Case No. 1990CR313
Honorable Patrick Butler, Judge

**Petitioner:**

Jesus Flores-Heredia,

v.

**Respondent:**

The People of the State of Colorado.

### Judgment Affirmed

*en banc*
June 5, 2017

**Attorneys for Petitioner:**
The Noble Law Firm, LLC
Antony Noble
Matthew Fredrickson
  *Lakewood, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
William G. Kozeliski, Assistant Attorney General
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.

¶1     Petitioner Jesus Flores-Heredia pled guilty to inducement and conspiracy to sell and possess with intent to sell a schedule II controlled substance, and he received a one-year deferred judgment in 1990. Although he successfully completed the deferred judgment, no court ever ordered his plea withdrawn or the action against him dismissed pursuant to section 18-1.3-102(2), C.R.S. (2016), which provides that, upon "full compliance with [the conditions of a deferred judgment]" the guilty plea previously entered "shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice."

¶2     In 2014, Flores-Heredia filed a motion to withdraw his plea pursuant to Crim. P. 32(d), which authorizes "a motion to withdraw a plea of guilty . . . before sentence is imposed or imposition of sentence is suspended." The district court concluded that because no order had been entered withdrawing Flores-Heredia's plea and dismissing the charge under section 18-1.3-102(2), it would enter such an order. It then denied the Rule 32(d) motion, concluding that it could not withdraw the plea because the plea had already been withdrawn. Flores-Heredia filed an appeal, and the court of appeals requested that the case be transferred to this court pursuant to C.A.R. 50(b) and section 13-4-109(1)(a)–(c), C.R.S. (2016). We accepted jurisdiction from the court of appeals, and now affirm the judgment of the district court.

¶3     First, we hold that although no court entered an order withdrawing Flores-Heredia's plea and dismissing the charges against him when he successfully completed the terms of his deferred judgment, the withdrawal and dismissal occurred by operation of law under our decision in People v. Carbajal, 198 P.3d 102, 107 (Colo. 2008).

2

Further, for the reasons more fully articulated in <u>People v. Corrales-Castro</u>, 2017 CO 60, ___ P.3d ___, the lead case we decide today,[1] we conclude that the plain language of Crim. P. 32(d) requires that a "plea" exist in order for it to be "withdraw[n]." Therefore, there is nothing in the Rule that would authorize a district court to withdraw an already-withdrawn plea. Because Flores-Heredia's plea had already been withdrawn and the case dismissed pursuant to section 18-1.3-102(2) by operation of law, there was no plea to be withdrawn pursuant to Rule 32(d). Accordingly, we affirm the judgment of the district court.

## I.

¶4    In April 1990, Flores-Heredia pled guilty to inducement and conspiracy to sell and possess with intent to sell a schedule II controlled substance, and he received a one-year deferred judgment.

¶5    In March 2014, Flores-Heredia filed a motion to withdraw his plea pursuant to Crim. P. 32(d), alleging ineffective assistance of counsel.

¶6    The district court, after a hearing, noted the peculiar circumstances of this case. More specifically, the district court concluded that a court never ordered Flores-Heredia's plea withdrawn and his case dismissed upon successful completion of the deferred judgment. The district court, apparently uncertain about its authority to rule on the matter under such circumstances more than twenty years later, ordered that, "to the extent that this Court does have jurisdiction over the matter, and any action is

---

[1] In addition to <u>Corrales-Castro</u>, we also decide the companion cases of <u>Espino-Paez v. People</u>, 2017 CO 61, ___ P.3d ___; <u>People v. Roman</u>, 2017 CO 63, ___ P.3d ___; and <u>Zafiro-Guillen v. People</u>, 2017 CO 62, ___ P.3d ___.

required by the Court to withdraw Defendant's guilty plea and dismiss the charges, it is so withdrawn and the charges are dismissed with prejudice pursuant to C.R.S. § 18-1.3-102." The court proceeded to deny Flores-Heredia's motion under Crim. P. 32(d), reasoning that there was no plea to be withdrawn. Flores-Heredia appealed, and the court of appeals transferred the case to us pursuant to section 13-4-109(1)(a)–(c) and C.A.R. 50(b). We accepted jurisdiction.

## II.

¶7 Flores-Heredia first argues that because no court had ordered his plea withdrawn upon completion of his deferred judgment, his plea was never withdrawn, and therefore a plea existed that could be withdrawn under Rule 32(d). In the alternative, he argues that even if the plea was withdrawn by operation of law, Rule 32(d) should be interpreted to authorize the withdrawal of an already-withdrawn plea.

¶8 As to his first contention, we hold that Flores-Heredia's plea was withdrawn and the charge against him dismissed by operation of law in 1991, when he successfully completed the deferred judgment. Section 18-1.3-102(2) requires that, after a defendant has successfully completed his deferred judgment, "the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed." In other words, section 18-1.3-102(2) requires that the plea be deemed withdrawn and the charge dismissed once the deferred judgment is successfully completed. When an order to this effect is not entered, it occurs by operation of law as mandated by section 18-1.3-102(2).

4

¶9 Our decision in <u>Carbajal</u> makes this clear. In that case, the People filed a petition to revoke the defendant's deferred judgment "eight months after [his] deferred judgment ended." 198 P.3d at 107. In determining that the People's motion was untimely, we contrasted the case with the situation in <u>People v. Simonds</u>, 113 P.3d 762 (Colo. 2005), where we had held that the People's revocation petition was timely because it was filed before "the deferred judgment expired by operation of law." <u>Id.</u> at 107 (citing <u>Simonds</u>, 113 P.3d at 764–65). We recognized that, under <u>Simonds</u>, a deferred judgment expires at the end of the deferred judgment period by operation of law even where the People later petition to revoke the deferred judgment. <u>Id.</u> We also held that the parties could not agree to an extension of the deferred judgment period, even where that extension was framed as a stipulation to new probation conditions. <u>Id.</u> In sum, once the deferred judgment period ended, the court had no authority to continue to impose conditions or consider the People's revocation petition. Likewise here, Flores-Heredia's plea was withdrawn and the charge dismissed by operation of law when the deferred judgment was successfully completed.

¶10 With regard to Flores-Heredia's alternative argument, for the reasons more fully articulated in the lead case <u>People v. Corrales-Castro</u>, we conclude that Rule 32(d) does not authorize withdrawal of an already-withdrawn plea. Accordingly, we affirm the judgment of the district court.

5